## NEW YORK SUPERIOR COURT.

EDWARD MORRISON and another agt. JAMES S. STURGES and another.

The court has power to compel a *discovery of books and papers* containing evidence relating to the merits of the action, under the provisions of the Revised Statutes, as well *after issue joined as before*.

The 388th section of the Code is not a substitute for the provisions of the Revised Statutes, but *auxiliary thereto*. Under either statute the court must be satisfied that the books or papers *contain evidence relating to the merits of the action*.

It is not enough that the party believes or is advised that the paper contains material evidence. *Facts must be shown* to support such belief. Nor is it enough that the paper may, or even probably will, furnish *information to obtain evidence* which may be material. The *paper itself* must contain the evidence, either by itself or in connection with other proof.

*Special Term, October,* 1863.

PETITION by defendants, under the Revised Statutes, for a discovery of papers as evidence in the cause, alleged to be in the possession of the plaintiffs.

MONELL, Justice. It is settled by authority that the court has power to compel a discovery of books, papers or documents containing evidence relating to the merits of the action, under the provisions of the Revised Statutes, as well *after* issue joined as before (*Gould* agt. *McCarthy*, 1 *Kern.* 575; *Davis* agt. *Dunham*, 13 *How.* 425); the 388th section of the Code not being a substitute for the provisions of the Revised Statutes, but auxiliary thereto. Under

Morrison agt. Sturges.

either statute the court must be satisfied that the books or papers contain evidence relating to the merits of the action.

This action is to recover the value of $1,000 of U. S. treasury notes, alleged to have been delivered with other similar notes by the plaintiffs to the defendants by mistake.

The petition on which this motion is founded alleges that the notes received by the defendants from the plaintiffs were bound by " paper straps," which purported to have memorandums of the amount of notes in each package, and which straps are now in the possession of the plaintiffs. For the discovery of these straps the motion is made.

The right to the possession of these straps by the plaintiffs is at least questionable. The petition alleges, and it is not denied, that the package of notes was delivered by the defendants' agents to a clerk of the customs in payment of duties, and that the plaintiffs afterwards obtained the straps from the custom house. If there was any property in the straps, they belonged to the government of the United States, and not to the plaintiffs, and they have no more right to them than the defendants. They are, however, in the plaintiffs' possession, and if they contain evidence relating to the merits of the action they should be discovered.

It is attempted to recover a $1,000 excess of treasury notes delivered by mistake to the defendants, and it is claimed that upon these straps were memorandums purporting to denote the amount of notes contained in each package. It is difficult to see how these mere memorandums, *without further proof*, would be any evidence whatever of the contents of the packages which they bound. If they were written by the plaintiffs or their clerk or agent, or were necessary to refresh the recollection of a witness who had counted the notes and seen the memorandum, it might then be that they contained evidence relating to the merits of the suit.

We do not, upon these motions, judge of the weight of

the evidence. If it be never so slight, the party is entitled to have it.

It is not enough that the party believes or is advised that the paper contains material evidence. Facts must be shown to support such belief. Nor is it enough that the paper may, or even probably will, furnish *information* to obtain evidence which may be material. (*Wood* agt. *De Figaniere*, *MS. opinion at general term.*) The paper *itself* must contain the evidence, either by itself or in connection with other proof.

The defendants' petition does not satisfy me that there is any evidence whatever in these memorandums which relates to the merits of the action. By whom they were made does not appear. If made by a stranger they would not be evidence for any purpose, except, perhaps, to refresh his recollection. There is no connection shown between the memorandums and the plaintiffs, and in the absence of facts I cannot guess or presume that possibly they may contain material evidence which the defendants ought to have.

Besides, if it was a doubtful question the court ought not, in its discretion, to apply so stringent a remedy as the one provided by the Revised Statutes, while there are other and efficient modes provided to attain the same end. The plaintiffs can now be compelled by a subpœna, *duces tecum*, to produce the straps, either upon an examination before or at the trial, if the court shall be satisfied that they contain material evidence.

The motion is denied, with $10 costs to abide the event of suit.