(41 Misc. Rep. 642.)

## In re LEE.

(Supreme Court, Special Term, New York County.   November, 1903.)

1. DEPOSITIONS—ACTION IN ANOTHER STATE—SUBPŒNA.

Under the practice of the Court of Chancery of New Jersey a party to a civil action in such court may take the testimony of nonresident witnesses by giving notice to the opposite party or his attorney of the time and place of the examination of the witnesses and their names. Notice to such effect was issued to certain witnesses under the order of the Supreme Court of New York on affidavit of plaintiff's attorney that their testimony was material to his clients in action pending in New Jersey in establishing plaintiff's complaint.  *Held,* that the witnesses summoned must comply with the subpœna.

2. SAME—PRODUCTION OF BOOKS.

Where, on written notice to the opposing party in a suit pending in New Jersey, of the time and place of examining certain witnesses in New York for the purpose of using their testimony in a suit in New Jersey, they are also required under the same notice, and on an order of the Supreme Court of New York, to produce the books and accounts of the corporation of which they are respectively president and secretary, and the moving party has made no proof that such books or papers are material upon the issues presented in the action as required by General Rules of Practice, No. 17, and the purpose of the application is to use the books as evidence, and not to refresh the memory of the witnesses testifying from them, the subpœna duces tecum will be vacated.

3. SAME.

Code Civ. Proc. §§ 1914, 1915, authorizing an order to produce books and papers, does not apply to such production for the purpose of putting them in evidence, but only for use in connection with the testimony of the witnesses.

Application of William G. E. Lee, master in chancery of the state of New Jersey, for an order to require certain witnesses to obey a subpœna issued by the court.  Order granted.

Davies, Stone & Auerbach, for applicant.

Osborne & Hess, for defendants.

SCOTT, J.  Two applications are presented to the court in this matter.  One seeks to compel certain witnesses to appear and testify before the applicant, and to deposit with him certain books and documents, and the other seeks to vacate the order and subpœnas issued out of this court to compel the attendance of such witnesses and the production of such books.  The evidence sought to be obtained is for use in a cause pending in the Court of Chancery of the state of New Jersey, wherein Edwin A. McAlpin and others are complainants and the Universal Tobacco Company and others are defendants.  The complainants sue as stockholders of the Universal Tobacco Company, and seek, among other things, to set aside or procure the dissolution of a voting trust of the stock of the company, to restrain the issuance and negotiation of its bonds under a certain mortgage issued by it, and to restrain the individual defendants from assigning or disposing of any bonds issued under said mortgage.  As is not unusual in such actions, the complainants make numerous and serious charges of mismanagement and misfeasance against the president and other officers of the company, and the latter retort by charging bad faith against

the complainants, in that, as it is said, their real purpose is to destroy the defendant company in the interest and for the benefit of a rival company. The trial of the action is set down for an early day before one of the vice chancellors of the state of New Jersey. According to the statutes of that state and the practice of its Court of Chancery, any party to a civil action pending in that court may take the testimony of a witness residing outside the state for use upon the trial of the cause by merely giving notice in writing of the time and place of such examination and of the names of the witnesses to be examined to the adverse party, his attorney or solicitor. The complainants did accordingly give notice to the defendants' solicitors that at a certain time and place within this state, before the applicant, a master in chancery of the state of New Jersey, they would take de bene esse the testimony of nine witnesses. Thereupon, upon application of said master, an order was made by this court directing the issuance of writs of subpœna to the persons named in such notice, requiring them to appear at the time and place mentioned and give the testimony under oath for use in said action. The order also directed writs of subpœna duces tecum to issue to two of the persons named in said notice, who were the president and secretary of the Universal Tobacco Company, requiring them to produce and deposit with the applicant certain original documents and papers of said company. Two writs of subpœna accordingly issued and were duly served. One required the persons named to attend before the applicant and testify. The other, directed to the president and secretary of the company, required them to bring and produce and deposit with the applicant the following books and records of the said Universal Tobacco Company, viz.: The minutes of the stockholders, directors, and executive committee, respectively, the stock and transfer books, the general ledger, the cashbooks, journals, sales ledgers, books of sales, slips and sales' slip registers, covering all transactions subsequent to July 1, 1902. None of the persons subpœnaed, save one, attended at the time and place specified, and none of the books and documents described were produced. The two applications now under consideration followed. These really involve two questions— one as to the enforcement of the subpœna requiring the witnesses to appear and be examined, and the second as to the enforcement of the subpœna duces tecum.

As to the first question, I think that the subpœna requiring the persons named therein to attend and testify should be enforced. The notice of their examination appears to conform to the requirements of the New Jersey practice. The order directing the subpœna to issue is supported by the affidavit of one of the attorneys for the complainants, in which he alleges that the testimony of the witnesses named is material to the complainants in establishing the allegations of their bill of complaint. This appears to be sufficient proof of materiality to satisfy the requirements of the Code and rule 17 of the general rules of practice. Matter of Garvey, 33 App. Div. 134, 53 N. Y. Supp. 476. The subpœna duces tecum presents, however, quite a different question. It requires the president and secretary

85 N.Y.S.—15

of the defendant corporation to produce at the office of the complainants' attorneys in this city, and there to deposit with the master in chancery, the books of minutes and books of account of the defendant corporation. If complied with, it would mean that all the books of the defendant corporation would be turned over to the complainants for examination. The papers read upon the motion make it perfectly clear that the object and purpose of the complainants is to examine the books for the purpose of ascertaining whether or not there is anything in them which might tend to sustain the allegations of the complaint, and, if anything of that nature should be found, to introduce it in evidence in the action in New Jersey. The affidavit upon which the subpœnas were issued recites that, "as deponent is informed and believes, the said books and records contain entries relative to the transactions and matters set forth in said bill of complaint hereinbefore referred to, and are material and relevant evidence upon the issues in said action." So, also, in an affidavit to obtain the order to show cause now before the court, the complainants' counsel avers that it is necessary that the books be produced "for introduction in evidence." And upon all the papers it is perfectly apparent that the object of the subpœna duces tecum is to compel the production of the books in order that they, or some portions of them, may be used as evidence, and not merely as aids to the witnesses in answering such questions as may be put to them. For the latter purpose it would not be necessary or proper to deposit the books with the master, or even submit them to the examination of complainants and their counsel. I am of the opinion that the writ of subpœna duces tecum cannot be used in this proceeding for the purposes indicated. The whole power of the court respecting these proceedings is statutory, and I am unable to find any authority to compel the production of books of a party in order to use them as evidence, or in order to seek through them to find evidence. Prior to 1899 there was no power to compel the production of books in such a proceeding for any purpose. Matter of Strauss, 30 App. Div. 610, 52 N. Y. Supp. 392. In 1899 sections 914 and 915 of the Code were amended so as to provide for obtaining not only the testimony of a witness, but, "in connection therewith," the production of books and papers. This does not authorize the enforced production of books and papers merely for the purpose of putting them in evidence, but only for use in connection with the testimony of a witness, and, in my opinion, goes no further than to authorize the court to compel the production of books and papers in order that the witness may, if necessary, refer to them to enable him to answer such questions as may be put to him, the evidence to be taken being that of the witness, and not the books and papers themselves. In the present case no proper foundation has been laid for the introduction of the books and papers in evidence, even if they could be used for that purpose. At the very root of the proceeding, and as its sole foundation, is the notice given under the New Jersey practice. That notice was silent as to any books and papers. It merely notified defendants that the testimony of certain named witnesses would be taken. There is nothing therein to justify this court in compelling the

production before the commissioner of books and papers as evidence, or otherwise than as a means to enable the witnesses to give testimony.

If the foregoing were the only objections to the order and subpœna duces tecum, they might be overcome by prescribing proper conditions as to the use to be made of the books upon the examination, as is authorized by rule 17. But there is a further objection, which strikes at the very root of the matter, and that is that no proper ground is shown for the issue of a subpœna duces tecum to produce the books for any purpose. Rule 17, which regulates the practice in proceedings of this character, authorizes the issue of a subpœna to a witness to testify upon the statement generally that his testimony is material to the issues presented in the action or proceeding. It is not necessary to state facts showing the materiality. In regard to the issuance of a subpœna for the production of books and papers it is not sufficient merely to state that they are material, but the language of the rule is that the applicant must "show" that they are material. This implies something more than the mere allegation of an affiant's belief that the books contain material entries. Facts must be shown upon which the court can see, at least presumptively, that the books and papers contain material entries. No such facts were shown upon the application for the subpœna. If, when the witnesses are examined, it be found that they cannot answer proper questions without reference to the books, an application may then be made for a subpœna duces tecum for the production of the books to enable them to answer. At present it does not appear that this is necessary. The motion to vacate and set aside the subpœna ad testificandum will be denied, and the witnesses required to attend and testify at a time to be fixed by the order. The subpœna duces tecum, and so much of the order as directed its issue, will be vacated and set aside.

Ordered accordingly.