[Civ. No. 7559. First Appellate District, Division Two.—October 4, 1930.]

HENRY CAILLEAUD, Jr., Petitioner, v. THE SUPE-RIOR COURT OF MARIN COUNTY et al., Respondents.

Bacigalupi, Elkus & Salinger for Petitioner.

W. B. Crocker for Respondents.

NOURSE, P. J.—Petitioner seeks by *certiorari* to review an order of the superior court directing the taking of depositions to perpetuate testimony under section 2083 et seq., of the Code of Civil Procedure.

The steps necessary to enable a party to have a deposition taken to perpetuate testimony are found in section 2084. The proceeding must be initiated by a verified petition of the applicant showing that he expects to be a party to an action in a court in this state, or "that the proof of some fact is necessary to perfect the title to property in which he is interested, or to establish marriage, descent, heirship, or any other matter which may hereafter become material to establish, though no suit may at the time be anticipated". The petitioner's attack upon the proceedings in the superior court is based upon the ground that the applicants have not pleaded any facts which bring them within the terms of this section and that, therefore, the superior court was without jurisdiction to make the order.

The application upon which the proceedings were initiated alleges that the applicants are husband and wife, that the husband has executed a will in which he has devised property of considerable value to his son, August Cailleaud, and to his two grandsons, and property of little value to his son, Henry Cailleaud, Jr., the petitioner herein. It is then alleged that the son Henry has expressed displeasure over such disposition of the property and that applicants believe he will at some future date institute a

contest or other action for the recovery of a larger portion of the property of applicants.

In so far as the application relates to an anticipated will contest it is sham. The testator would not be a party to a contest of his own will and the applicants show by their petition that the testator's wife would not be an interested party. ▮ The allegations that the son Henry may institute some proceeding for the recovery of some of the property heretofore conveyed to the other son would seem to bring the application within the provisions of the first subdivision of section 2084 of the Code of Civil Procedure, but it will be noted that the first and second subdivisions of this section. are separated by the word "or" and that the second and third subdivisions are separated by the word "and". Thus, it is necessary to allege, in addition to the matters contained in either subdivision one or two, the matters specified in subdivision three. Under this subdivision it is necessary to state "a general outline of the facts expected to be proved".

▮ To meet this requirement the applicants merely allege that they "expect to establish by their testimony the respective financial circumstances of said Henry Cailleaud, Jr., and August R. Cailleaud, and their reasons for providing more amply for their son August . . . and expect to establish by their testimony many facts and circumstances which would be material in such expected contest, action or other adverse proceedings".

That general allegations of this character are insufficient to support an order to take a deposition has been determined in *Irving* v. *Superior Court,* 79 Cal. App. 361, 364 [249 Pac. 236], where such an order was annulled on *certiorari.* In that case the District Court cited with approval the general rule from 8 R. C. L. 1148, reading: "The bill should describe a subject of controversy so as to identify it, in order to enable the court . . . to direct the interrogatories or specify the matter as to which the witnesses are to be examined." Many authorities from other jurisdictions are cited to the rule by the court but it is unnecessary to enumerate them here. The reason for the rule is emphasized by the District Court in this opinion. After pointing out that if the allegation that applicants "expect to prove" certain facts without alleging that the facts were

true and without showing that they were material was sufficient then the requirement of the code section that the application be ''verified by the oath of the applicant'' was rendered useless the court said: ''Persons should not be compelled to submit to examinations 'concerning their property or business transactions or methods', except upon allegations of fact, duly verified, reasonably showing that the evidence sought is material to some present or anticipated controversy.''

In what respect the reasons why the applicants gave more of their property to one son would be material to any anticipated litigation does not appear from the application while the allegation that applicants expect to establish ''many facts and circumstances'' is of no force whatever. If an application of this character is sufficient we might pertinently ask, why should an application be verified if it merely states that the applicant anticipates some litigation and expects to prove in his deposition facts which may be material thereto? Anyone could verify such an application without fear of perjury.

The order is annulled.

Sturtevant, J., and Spence, J., concurred.