[S. F. No. 15875. In Bank.—October 25, 1937.]

RALPH R. NELSON, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Herbert E. Wenig, Vincent Cullinan, John J. O'Toole, City Attorney, and Sylvain D. Leipsic, Deputy City Attorney, for Petitioner.

William M. Abbott, Cyril Appel and Ivores R. Dains for Respondent.

WASTE, C. J.—Application for writ of prohibition. Petitioner is the secretary-actuary of the Retirement Board of the San Francisco City and County Employees' Retirement System. As such, it is his duty to supervise the compensation, medical care and hospitalization of city employees receiving injuries arising out of and in the course of their employment, and to keep all the medical reports concerning such injuries. In an action brought on behalf of an injured employee of the city, petitioner refused to appear in answer to a subpoena to take a deposition. For such refusal he was adjudged to be in contempt of court, and is about to be sentenced for his disobedience of the court's process. He is here seeking by writ of prohibition to avoid the infliction of the penalty.

The facts: M. J. Dalton, a member of the San Francisco fire department, was seriously injured in 1936 when the fire-truck upon which he was riding was struck by a street car operated at the time by the Market Street Railway Company. The medical reports of the treating and examining physicians, and the X-rays made, were sent to petitioner's office to be kept with other reports concerning the case of said Dalton. Subsequently, Dalton became mentally incompetent, and suit to recover damages for the personal injuries suffered in the collision was brought by his guardian *ad litem* against the railway company and the motorman of the colliding car.

After the suit was brought, the Market Street Railway Company sought to take this petitioner's deposition. The affidavits of the secretary of the moving company defendant allege that the "corporation desires to take the deposition of Ralph R. Nelson (this petitioner), or his designated representative who is a witness and the only one who can establish facts material to the issue in said action"; "and desires that he produce all the records pertaining to the examination, care and treatment of M. J. Dalton, the plaintiff in the above entitled action, including all of the X-rays and X-ray reports and the reports of physicians or surgeons attending or treating said M. J. Dalton, which pertain to the examination, care and treatment of said M. J. Dalton, the plaintiff in the above entitled action; said evidence is material to the issues involved in said action . . . "

Petitioner's refusal to obey the subpoena rests upon his contention that the affidavits for the issuance of the subpoena were insufficient to confer jurisdiction for its issuance. He contends, therefore, that the court lacks power to punish him for the alleged contempt.

"The testimony of a witness in this state may be taken by deposition . . . 6. When the witness is the only one who can establish facts or a fact material to the issue . . . " (Code Civ. Proc., sec. 2021.) Does it sufficiently appear from the affidavits that petitioner is the "only one who can establish facts or a fact material" to the issue in the case? While in this instance the affidavit states the facts, does it meet the requirement of section 2031 of the Code of Civil Procedure that the affidavit served on the adverse party with the notice of the time and place of the examination must "show" that the case is one within the terms of section 2021, *supra*? As was said in *Hennessy* v. *Hall*, 14 Cal. App. 759, 762 [113 Pac. 350], "there is an obvious and material distinction between showing a fact and stating it". See, also, *Irving* v. *Superior Court*, 79 Cal. App. 361, 364 [249 Pac. 236] ; *Cailleaud* v. *Superior Court*, 108 Cal. App. 752, 754 [292 Pac. 145]. *In re Lee*, 41 Misc. 642 [85 N. Y. Supp. 224], is in point because of the similarity of language of the sections relating to the issuance of a *subpoena duces tecum*. The New York court said (p. 227): "There is a further objection which strikes at the very root of the matter, and that is that no proper ground is shown for the issue of a *subpoena duces tecum* to produce the books for any pur-

pose. . . . it is not sufficient merely to state that they are material, but the language of the rule is that the applicant must show that they are material. This implies something more than the mere allegation of an affiant's belief that the books contain material entries. Facts must be shown upon which the court can see, at least presumptively, that the books contain material entries." No such facts being shown upon the application for the subpoena, the order directing its issue was vacated and set aside. To the same effect as the foregoing cases is *Spalding* v. *Spalding,* 3 How. Prac. (N. Y.) 297, at 300, 301.

In the present case the affidavits do not, nor does either of them, disclose that petitioner, the one whose deposition is desired, is the only one who can establish the fact or facts sought to be discovered. (Code Civ. Proc., sec. 2021, subd. 6.) In fact, the affidavit shows that the defendant "desires to take the deposition of Ralph R. Nelson (this petitioner), *or his designated representative* who is a witness and the only one who can establish facts material to the issue in said action".

 Furthermore, section 1985 of the Code of Civil Procedure requires that the application for issuance of a *subpoena duces tecum* "shall be accompanied by an affidavit specifying the exact matters or things desired to be produced, and setting forth in full detail the materiality thereof to the issues involved in the case . . . " The affidavit in this case merely designates the records, reports and X-rays "which pertain to the examination, care and treatment" of plaintiff. There is, therefore, a complete failure to meet the requirement of section 1985.

We deem further discussion of the affidavits unnecessary. For the reasons noted, they are insufficient to confer jurisdiction for the issuance of the subpoena petitioner is charged with disobeying. (*In re Lee, supra.*)

Let the peremptory writ of prohibition issue as prayed.

Shenk, J., Curtis, J., Edmonds, J., and Nourse, J., *pro tem.,* concurred.

Rehearing denied.