[Civ. No. 12713. Second Appellate District, Division Two.—November 18, 1940.]

SMITH–GOLDEN, INC. (a Corporation), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[Civ. No. 12720. Second Appellate District, Division Two.—November 18, 1940.]

H. W. PATTERSON, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[Civ. No. 12755. Second Appellate District, Division Two.—November 18, 1940.]

CENTRAL CHEVROLET COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Alford P. Olmstead, Arthur B. Armstrong and A. J. Getz for Petitioners.

J. H. O'Connor, County Counsel, Douglas De Coster, Deputy County Counsel, Dasteel & Lawton and H. W. Steiner for Respondents.

McCOMB, J.—These are original applications for writs of mandate requiring respondent superior court to vacate orders for the issuance of *subpoenas duces tecum* and to grant motions to quash the same. The above-entitled petitions were consolidated on stipulation in this court, since the facts and issues are the same, for the purpose of hearing, argument, briefs, and decision.

These are the essential facts:

The Institute of Automobile Dealers, Inc., filed actions against each of petitioners, seeking to enjoin them from violating a provision of the "Unfair Practices Act". (Stats. 1913, p. 508, as amended; Deering's Gen. Laws [1937] Act 8781, p. 4157.) Thereafter the clerk of the respondent court issued *subpoenas duces tecum* requiring petitioners to produce their books and records upon the taking of certain depositions. Petitioners made a motion that the *subpoenas duces tecum* be quashed *in toto*. This motion was denied except in

certain particulars not necessary for us to now consider. The only affidavits used or filed in support of the applications for *subpoenas duces tecum* are affidavits of attorneys for the plaintiffs, wherein the material averments for the issuance of the *subpoenas duces tecum* are made upon the information and belief of the affiants and no facts are set forth to show the basis of affiants' information or belief.

This is the sole question necessary for us to determine:

█ *Is an affidavit, wherein the material facts necessary for the issuance of a subpoena duces tecum are alleged only on information and belief without setting forth supporting facts, sufficient to sustain an order for the issuance of a subpoena duces tecum?*

This question must be answered in the negative. The law is established in California that, as a condition precedent to the issuance of a *subpoena duces tecum* before trial, an affidavit must be presented to the trial court showing the facts set forth in section 1985 of the Code of Civil Procedure, which are prerequisite to the issuance of such an order. The allegations in such an affidavit are insufficient, if they are based solely upon the information and belief of the affiant and there are no facts alleged to indicate the basis of affiant's information and belief. (*Ex parte Clarke*, 126 Cal. 235, 240 [58 Pac. 546, 77 Am. St. Rep. 176, 46 L. R. A. 835]; *Kullman, Salz & Co.* v. *Superior Court*, 15 Cal. App. 276, 286 [114 Pac. 589]; *Shell Oil Co.* v. *Superior Court*, 109 Cal. App. 75, 80 [292 Pac. 531]; see, also, *Hupp* v. *Superior Court*, 22 Cal. App. 162, 166 [133 Pac. 987]; *Funkenstein* v. *Superior Court*, 23 Cal. App. 663, 665 [139 Pac. 101].)

In *Ex parte Clarke, supra*, Mr. Justice McFarland, speaking for our Supreme Court, says at page 240:

" . . . In *Morrison* v. *Sturges*, 26 How. Pr. 179, the court says: 'It is not enough that the party believes or is advised that the paper contains material evidence. The facts must be shown to support such belief.' "

Again in *Kullman, Salz & Co.* v. *Superior Court, supra,* it is said at page 286:

" . . . Nor is it enough, as is said by the court in *Morrison* v. *Sturges*, 26 How. Pr. (N. Y.) 179, 'that the party believes or is advised that the paper contains material evidence. Facts must be shown to support it.' "

The rule as announced in the two foregoing decisions is again reiterated in *Shell Oil Co.* v. *Superior Court, supra.*

■ Since the facts in the affidavits presented to the court in the instant case are predicated solely upon the information and belief of the affiants, unsupported by facts, the trial court should have made an order quashing the *subpoenas duces tecum* theretofore issued. The foregoing rule is consonant with the right of the people to be secure in their personal papers and effects against unreasonable seizure and search, as guaranteed by article I, section 19, of the Constitution of the State of California. The present case affords an excellent illustration of the necessity of strictly construing the foregoing constitutional provision for the protection of private individuals.

The Institute of Automobile Dealers, Inc., is an association formed avowedly, as shown by its articles of incorporation, "to assist its membership by making general surveys from time to time in order to determine the actual cost of doing business in this industry, to promote and establish and maintain uniformity and equity in customs and usages in the field of operations of its membership; to acquire, preserve and disseminate valuable information concerning its industry". Petitioners are competitors of the members of the association seeking the *subpoenas duces tecum*. It is, therefore, obvious that information which may be disclosed by the books and records of petitioners may be used to their detriment by their competitors. ■ Thus, every safeguard should be afforded to petitioners to protect them from making disclosures of such information, unless it is clear that such information is relevant, competent, and material to one or more issues in the actions now pending in the superior court.

For the foregoing reasons it is ordered that the writs of mandate issue in accordance with petitioners' prayers.

Moore, P. J., and Wood, J., concurred.