[Civ. No. 16766. Second Dist., Div. Two. Dec. 2, 1948.]

PACIFIC SOLVENTS COMPANY (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; LULU L. UTTER, as Administratrix, etc., Real Party in Interest.

Arthur Strock for Petitioner.

No appearance for Respondent.

Richard B. Newton for Real Party in Interest.

WILSON, J.—Petitioner is defendant in an action in the superior court for an accounting under two contracts with

L. B. Utter, now deceased. The action was brought by Lulu L. Utter, as administratrix of his estate. The plaintiff in that action obtained the issuance of a subpoena duces tecum directing the president of petitioner, defendant in the superior court action, to produce the records of entry in the company's cash books, daybooks and other record books relating to the production and sale of products containing linseed oil or fish oil, or both, from July 1, 1945, until the date of the affidavit. Under the terms of the first contract defendant agreed to pay to Utter one cent per gallon of any product containing fish oil or linseed oil manufactured by the company or by any licensee or agent of the company after the date of the agreement which was dated May 27, 1943. Thereafter the agreement was modified in certain particulars not material to this proceeding since such modification related only to the compensation to be paid to Utter.

Petitioner made a motion in the superior court to quash and withdraw the subpoena duces tecum, which motion was denied on condition that the books generally described in the subpoena duces tecum need not be produced but that the books specifically described therein should be produced. On application of petitioner an alternative writ of mandate was issued by this court directing respondent court to quash and withdraw the subpoena duces tecum or show cause why it had not done so. No appearance has been made by the superior court. The administratrix of the Utter estate, the real party in interest, has made return to the writ by way of demurrer on the ground that the petition for writ of mandate fails to state facts sufficient to constitute a cause of action or grounds for the issuance of the writ. The demurrer should be sustained and the writ denied.

The materiality of the books as evidence in the case is shown by affidavit of the attorney for the plaintiff in the superior court action wherein he recites that the action is for an accounting based on a breach of the contracts above mentioned and that the obtaining of priority or right to use either linseed oil or fish oil was one of the services which was made a condition precedent to the payment to decedent Utter of the sums of money sought to be recovered in the action; that a material part of the plaintiff's case was to determine (1) the number of gallons of linseed oil or fish oil or both the defendant company was entitled to use in each year during the life of the contract, and (2) the amount and volume of products manufactured by the company in each year during

the life of the contracts. The affidavit recites that since June 11, 1945, United States government restrictions have been in force upon the obtaining, manufacturing, sale and other use of the oils in question and that such restrictions have been promulgated pursuant to the Second War Powers Act of 1942 [56 Stats. 177, 50 U.S.C.A. § 633] as extended by joint resolution of Congress of June 30, 1947. The regulations are referred to as War Food Orders, with their respective numbers and dates, limiting the quantity of such oil that might be purchased during a given period of time, and it is recited that in such regulations the amount of oil which might be imported for commercial consumers and commercial consumption is set forth and restrictions have been imposed from July 11, 1945, until the present time. The affidavit further sets forth that the books described in the subpoena duces tecum are the only records of the consumption and production of the oils in question by the defendant company and that they are in the possession of the president who was subpoenaed to produce them.

The affidavit is in positive terms, not on information and belief, described the books and records that are desired to be produced and sufficiently sets forth the reason for their production and their materiality as evidence. This case is unlike those relied on by petitioner in which the material averments were on information and belief (*Smith-Golden, Inc.* v. *Superior Court,* 41 Cal.App.2d 512 [107 P.2d 299]), or the description of records and documents was inadequate because they were insufficiently designated or were included in an omnibus description (*Shell Oil Co.* v. *Superior Court,* 109 Cal.App. 75 [292 P. 531]; *Ex parte Clarke,* 126 Cal. 235 [58 P. 546, 77 Am.St.Rep. 176, 46 L.R.A. 835]; *Kullman, Salz & Co.* v. *Superior Court,* 15 Cal.App. 276 [114 P. 589]), or the proof was insufficient to show that the documents were material to the issues involved in the case (*Hupp* v. *Superior Court,* 22 Cal.App. 162 [133 P. 987]), or the affidavit did not show that the person subpoenaed had in his possession the particular books and documents which he was ordered to produce (*Funkenstein* v. *Superior Court,* 23 Cal.App. 663 [139 P. 101]).

It was not necessary to state in the affidavit the contents of the several government orders, since they are described by numbers and the dates on which they became effective. The court takes judicial notice of the contents of such orders, restrictions and regulations.

The demurrer to the petition for writ of mandate is sustained without leave to amend. The petition for a peremptory writ is denied and the alternative writ is discharged.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied December 17, 1948.