[Civ. No. 16149.   First Dist., Div. Two.   Mar. 25, 1954.]

PROCTOR AND GAMBLE MANUFACTURING COMPANY (a Corporation) et al., Petitioners, v. SUPERIOR COURT OF MARIN COUNTY, Respondent; LORETTA T. JONES et al., Real Parties in Interest.

Boyd, Taylor & Reynolds for Petitioners.

Bagshaw, Schaal & Martinelli for Real Parties in Interest.

No appearance for Respondent.

KAUFMAN, J.—Petitioners, Proctor and Gamble Manufacturing Company seek an alternative writ of prohibition directed to the Superior Court of Marin County restraining

respondent from enforcing an order compelling defendants to furnish certain information from their records, and commanding respondent court to vacate and set aside said order or show cause before this court as to why it has not done so. A peremptory writ following a return and hearing is also requested.

On February 3, 1953, plaintiffs Loretta T. and Robert L. Jones, husband and wife, filed a complaint in the Superior Court in and for Marin County against petitioners herein seeking $60,000 damages for injuries alleged to have been sustained by use of petitioner's product "Cheer," the cause of action being based upon breach of warranty. The answer of petitioners denied the material allegations of the complaint and alleged contributory negligence of Loretta Jones, and that such contributory negligence was imputed to her husband, and further alleged that the alleged injury, if any, was due solely "to plaintiff's physical and bodily condition and constitutional composition" on the date of alleged injury. The injury alleged from the use of "Cheer" was a severe dermatitis and dermatosis, causing nervousness and illness and inability to perform her household duties for a six-month period, as well as permanent disfigurement of her hands which prior to that time were "beautiful and smooth."

On September 28, 1953, plaintiffs served and filed notice of motion to compel defendants to furnish all the following information within their knowledge: the names and addresses of all persons making complaint to defendants or either of them, whether at their main office or offices or any of their branch offices, claiming to have been injured or damaged by the use of the detergent known as "Tide" and/or the detergent known as "Cheer," products sold by defendants. The motion was based on the records in the case and on affidavit. The ground of the motion was the defendants had pleaded as a special defense the doctrine of "uniqueness," claiming plaintiff's injuries were the proximate result of her own physical condition.

The affidavit of A. E. Bagshaw, an attorney for plaintiffs, avers *on information and belief* that the detergents "Tide" and "Cheer" are similar in chemical composition. He avers further *on information and belief* that defendants have in their custody and control numerous complaints of users of the products "Tide" and "Cheer," that said users were injured and suffered detergent burns from the use of said detergents, that it is material in the interests of justice that defendants furnish

plaintiff with the names of all persons injured or damaged by "Tide" or "Cheer."

The respondent court on December 3, 1953, ordered petitioners to furnish plaintiffs with the names and addresses of all persons claiming or alleging to have been injured or damaged and/or to have suffered personal injuries, including "detergent burns" or "contact dermatitis" as a result of having come in contact with "Tide" or "Cheer." It ordered also a list of all cases for damages involving these products. The order covered a period from April 15, 1951, to November 30, 1953.

On December 31, 1953, petitioners filed notice of motion to vacate the order on the ground that the court was without jurisdiction to make it; that the affidavit in support of the motion was insufficient, and that the order was in violation of section 19, article 1, California Constitution. At the time of the hearing a supplemental affidavit of A. E. Bagshaw was served and filed. This affidavit affirmed all the allegations of the prior affidavit, and alleged further *on information and belief* that both detergents "Cheer" and "Tide" have as their principal ingredients the chemical "Sodium Alkyl Aryl Sulfonate," and that the formula of each product differs only in minor details. It was further averred that in an action pending in the State of Washington, defendant corporation filed an affidavit pursuant to court order listing the names and addresses of approximately 117 persons who had submitted unfavorable comments regarding the alleged effect of "Tide" upon the skin. The affidavit then sets forth a partial list of these names and addresses. It is alleged that in pleading uniqueness of plaintiff's injury defendants have inferentially alleged that plaintiff is the only person who was ever injured by said defendant's product "Cheer," and that it is evident that if defendants received 117 complaints regarding "Tide," it is self evident that they must have received numerous complaints concerning "Cheer," that such evidence is material to the issues of whether "Cheer" is (1) dangerous to the health of the general public; (2) dangerous to the health of plaintiff; (3) whether defendants knew prior to the sale of "Cheer" to plaintiff that others had received "detergent burns" or suffered dermatitis from use of the product.

The motion to vacate the order compelling petitioners to furnish the information requested was granted insofar as the product "Tide" was concerned, but denied insofar as the order pertained to "Cheer."

█ In order that a subpoena duces tecum should issue, the documents or papers demanded should be sufficiently described. Section 1985, Code of Civil Procedure, requires that such an affidavit shall specify the exact matters or things desired. (*Union Trust Co.* v. *Superior Court*, 11 Cal.2d 449, 458 [81 P.2d 150, 118 A.L.R. 259].) In the present case there is no doubt as to that specific information defendants are asking for if such information exists. The affidavit must also set forth the materiality of the contents of the documents to the issues involved in the case. In *McClatchy Newspapers* v. *Superior Court*, 26 Cal.2d 386, 396 [159 P.2d 944], it was declared that the affidavit "must clearly show that they [the desired documents, etc.] contain competent and admissible evidence which is material to the issues to be tried. The affiant cannot rely merely upon the legal conclusion, stated in general terms, that the desired documentary evidence is relevant and material." In the supplementary affidavit it is alleged that the desired evidence is material on the issue of whether "Cheer" is dangerous to the health of the general public, to the health of plaintiff, and on the issue of defendant's knowledge that personal injuries had been caused by the product prior to the sale to plaintiff.

There is no allegation that the desired information exists, it is simply alleged that if there were 117 unfavorable comments from all parts of the country on "Tide" there must have been complaints regarding "Cheer." The chemical structure of "Tide" is alleged on information and belief, as well as the similarity in composition between "Tide" and "Cheer." Factual information on such matters is easily obtainable.

█ It has been held that an affidavit wherein the material facts necessary for the issuance of a subpoena duces tecum are alleged only on information and belief without setting forth supporting facts is insufficient. (*Shell Oil Co.* v. *Superior Court*, 109 Cal.App. 75, 80 [292 P. 531]; *Smith-Golden, Inc.*, v. *Superior Court*, 41 Cal.App.2d 512, 514 [107 P.2d 299]; *Lewis* v. *Superior Court*, 118 Cal.App.2d 770, 773 [258 P.2d 1084]; *Los Angeles Transit Lines* v. *Superior Court*, 119 Cal. App.2d 465 [259 P.2d 1004].) The basic principles applicable to the affidavit required are the same whether the order is for a subpoena duces tecum under section 1985, Code of Civil Procedure, or an order for inspection under section 1000, Code of Civil Procedure. (*Los Angeles Transit Lines* v. *Superior Court, supra; McClatchy Newspapers* v. *Superior Court*, 26 Cal.2d 386 [159 P.2d 944].)

■ Although respondent concedes that prohibition would be a proper remedy it does not appear to be proper to use prohibition to restrain the court from enforcement of a subpoena duces tecum or an order under section 1000, Code of Civil Procedure (*Lockheed Aircraft Corp.* v. *Superior Court*, 28 Cal.2d 481, 487 [171 P.2d 21, 166 A.L.R. 701] ; *Los Angeles Transit Lines* v. *Superior Court, supra.*) ■ The writ of mandate is the appropriate remedy to command the superior court to vacate the order. (*Smith-Golden, Inc.*, v. *Superior Court, supra.*) ■ Where the petition is meritorious, even though prohibition is asked for, it can be treated as a petition for a writ of mandate as was done in *Los Angeles Transit Lines* v. *Superior Court, supra.* Petitioner herein has asked for a "Writ of Prohibition or other appropriate Writ."

Respondent has filed an answer in which he points out that the materiality of the information sought does not have to be determined solely in reference to the affidavits, but the court may look to the pleadings as well. ■ Since this is an action for breach of an express warranty that the product "Cheer" was kind to the hands, as well as an action for negligence, it is material to show defendant's knowledge that others were harmed by the product. Defendants have denied knowledge or means of knowledge that it was harmful. ■ It is settled that if a manufacturer knows or should know that an article sold by him is dangerous he must give appropriate warning to the user of a danger which he ordinarily would not discover. (*Briggs* v. *National Industries Inc.*, 92 Cal.App.2d 542 [207 P.2d 110] ; *Tingey* v. *E. F. Houghton & Co.*, 30 Cal.2d 97, 102 [179 P.2d 807].) ■ It has been held that if a seller knows or should know that an article sold by him is dangerous to *some* persons, even though few in number as compared with the number of users of the article, he is negligent if he fails to warn the ignorant of the hidden danger. (46 Am.Jur. 932 § 808 ; Ann., Unusual Susceptibility to Injury, 121 A.L.R. 464 ; 26 A.L.R.2d 973.)

We conclude that the respondent has failed to meet the requirements of section 1985, Code of Civil Procedure, or section 1000, Code of Civil Procedure. (See *Nelson* v. *Superior Court*, 9 Cal.2d 729 [73 P.2d 232] ; *Smith-Golden, Inc.*, v. *Superior Court, supra*; *Los Angeles Transit Lines* v. *Superior Court, supra.*) ■ It is error to base an order of inspection on insufficient supporting affidavits. Here the supporting affidavits being based on information and belief and hearsay are insufficient. Furthermore, they fail to show that the desired

information would be admissible in evidence. Plaintiffs in order to obtain the information they desire need only to take the deposition of an officer of defendant corporation having knowledge of the facts.

In view of the foregoing a peremptory writ of mandate is hereby directed to issue out of this court commanding the superior court to vacate its order of inspection.

Nourse, P. J., and Dooling, J., concurred.