[Civ. No. 5403.   Second Appellate District, Division Two.—February 23, 1927.]

MACLAY RANCHO REALTY COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] INSPECTION OF WRITINGS—SECTION 1000, CODE OF CIVIL PROCEDURE —DISCRETION—EVIDENCE.—Section 1000 of the Code of Civil Procedure, relating to inspection of books and records, affords a trial court judicial discretion in passing upon any application therefor; and possessing such discretion, the court is not required to accept the averments of the affidavits in support of the motion as final,

but may conclude from other matters before it that in some particulars the facts are otherwise.

[2] ID.—MANDAMUS—PRESUMPTIONS—EVIDENCE.—In this proceeding in *mandamus* to compel the superior court to issue an order granting the petitioner for the writ permission to inspect the books of an adverse party and take copies of entries therein, all intendments are to be indulged in in favor of the trial court's orders, and considering the situation as presented to it the conclusion of the trial court was justified that the petitioner had received full information concerning the accounts in controversy, and all of the information and data contained in the books sought to be inspected.

[3] ID.—DISCRETION — MANDAMUS.—Where the action is discretionary with the trial court, the writ of *mandamus* will not issue unless the refusal of the trial court to act amounts to an abuse of discretion.

(1) 18 C. J., p. 1127, n. 39.   (2) 4 C. J., p. 754, n. 74 New.   (3) 38 C. J., p. 628, n. 7.

PROCEEDING in Mandamus to compel the Superior Court of Los Angeles County to issue an order permitting inspection of books. W. C. Doran, Judge. Writ denied.

The facts are stated in the opinion of the court.

Marshall Stimson and Noel C. Edwards for Petitioner.

R. M. Widney for Respondents.

CRAIG, J.—On or about July 7, 1925, one A. B. Widney commenced an action in the Superior Court of Los Angeles County, against the Maclay Rancho Realty Company, a corporation, for moneys alleged by the complaint and amendments thereto to be due to the plaintiff from the defendant therein through the subdivision and sale of certain real property under a contract in writing between the parties, dated June 1, 1923.

It appears that the defendant took the plaintiff's deposition, which was filed on September 11, 1925, and that on the 18th a demurrer to the complaint, motion to strike, and demand for a bill of particulars were filed; that on September 28th an amended complaint was filed, and that on

3. See 18 R. C. L., Mandamus, sec. 38; 16 Cal. Jur., Mandamus, sec. 34.

October 8th the demurrer to the complaint was sustained, and the motion to strike was denied. On January 20, 1926, the plaintiff filed bills of particulars, numbered 1 and 2, and entered the default of the Maclay Rancho Realty Company to his amended complaint; on the next day the Realty Company filed a demurrer to said amended complaint, notice of motion to strike therefrom, and a demand for bill of particulars; on January 25, 1926, a stipulation extending the defendant's time to plead, an answer, and a cross-complaint were filed, together with a motion to vacate the default, which latter was thereafter granted, and Widney interposed an answer to the cross-complaint heretofore mentioned.

The bill of particulars, numbered 1 was furnished pursuant to the demand of the Realty Company, who objected thereto, and demanded a second bill, which also was furnished. Each such bill of particulars consisted of more than seventy pages, and is claimed to have contained receipts and disbursements by the plaintiff for the defendant's account, covering transactions extending over a period of about two years, under their contract, as shown by the plaintiff's books and records.

By its cross-complaint the defendant Realty Company demanded an accounting ''of all the collections, dealings and transactions from the commencement thereof and the money received and paid to the plaintiff and paid by the plaintiff to the defendant respectively.''

On April 5, 1926, the defendant Realty Company, petitioner herein, gave notice of motion, supported by affidavit of its counsel, for an order allowing its inspection of ''the books of account, cash books, ledgers containing the entries of receipts and disbursements made and set forth in the bills of particulars dated October 12, 1925, and January 18, 1926, pertaining to transactions between the plaintiff and the defendant.'' The motion was heard on April 15th, and was denied, with permission to renew it, counsel having stated that the moving documents were incomplete and requested such permission. The second motion for inspection was heard on April 22d, and it also was denied. On the twenty-sixth day of April the defendant again moved the same court for an order permitting inspection of the plaintiff's books and records, which motion was heard on April 29th, and likewise denied. Each of these motions was made

upon the ground "that the books are in the possession of the plaintiff and that they contain evidence relative to the merits of the action and the defense therein"; that such evidence was material and that the defendant could not safely proceed to trial without the inspection requested; and was based upon "the records and files in this action." It further appears that in each of its rulings the court considered the pleadings, affidavits, and bills of particulars theretofore filed, as above recited.

The defendant Maclay Rancho Realty Company petitions this court for a writ of mandate commanding that the trial court issue an order granting it permission to inspect and take copies from the books of the plaintiff Widney of "entries showing moneys paid out or received by said A. B. Widney for the Maclay Rancho Realty Co., . . . in connection with the contract which is the subject of the above-mentioned action." An alternative writ was issued, and a referee was appointed to take evidence and to report his findings upon the issues of fact involved in this proceeding. Pursuant to such appointment the referee heard the evidence and argument of the respective parties, and rendered an exhaustive report wherein he found, among others, the facts heretofore stated.

During the hearing before the referee it was stipulated, and the latter found, that "said bills of particulars were made from the books of the plaintiff in said action; that such books are the books of which the defendant therein demanded an inspection, and that the items called for in the inspection of said books are the items therein which are set forth in said bills of particulars." Counter-affidavits of counsel for the plaintiff in the main action, which appear to have been filed with, and the referee finds to have been considered by, the court below, recite that "there are no books, contracts or other papers or documents in plaintiff's possession containing any other information than that furnished to said defendant and its attorneys"; and that the defendant "has an itemized statement from plaintiff of all of the accounts between plaintiff and defendant."

[1] It seems clear that section 1000 of the Code of Civil Procedure, by the provisions of which the petitioner claimed the right to inspect the books and records in question, affords the trial court judicial discretion in passing upon any application therefor. Possessing such discretion, the court

was not required to accept the averments of the affidavits in support of the motion as final, but might conclude from other matters before it that in some particulars the facts were otherwise. This it apparently did. It may well have decided that under the circumstances appearing the inspection was not necessary to the preparation and proof of the petitioner's case. [2] All intendments are to be indulged by us in favor of the validity of the trial court's orders, and considering the situation as presented to it the conclusion would be amply justified that petitioner has received full information concerning the accounts in controversy, and all of the information and data contained in the books sought to be inspected. [3] No doubt, as argued by petitioner, the facts in this case might have warranted the making of the order requested, but it is elementary that where the action is discretionary with the trial court, the writ here asked will not issue unless the refusal of the trial court to act amounts to an abuse of discretion.

The referee found also that the motion of April 29, 1926, was submitted to and decided by the Superior Court upon the papers, records, and files in the cause, as well as upon the affidavits of Marshall Stimson and counter-affidavits of R. M. Widney; further, that there was before the trial court upon such hearing "the records and papers on file in said cause as hereinbefore found, including the complaint, amended complaint and second amended complaint of the plaintiff, the answer of the defendant to said second amended complaint and its cross-complaint, the deposition of A. B. Widney, plaintiff, the aforesaid two bills of particulars furnished to the defendant on the demand of the defendant, and the affidavit of counsel for the defendant and the counter affidavits of counsel for the plaintiff and J. B. Meikle which had been read and presented to the court and filed at the hearing of the second motion of April 22, 1926."

It is too obvious for argument that since the greater part of the matters which the trial court considered are not before us, it is impossible for us to review the action of that court in determining the issues before it.

The peremptory writ of mandate is denied.

Works, P. J., and Thompson, J., concurred.