SAVERIO LA MAIDA, an Infant, by GRACE LA MAIDA, His Guardian ad Litem, Respondent, *v.* MILEDNA REALTY CORP., Appellant.

Supreme Court, Appellate Term, First Department, June 26, 1944.

*Louis Helfenstein* and *Norman Lustig* for appellant.

*Emanuel Luria* for respondent.

EDER, J. Defendant appeals, by permission, from an order directing it to forward to the plaintiff copies of signed state-

ments obtained from the infant plaintiff and from his mother, his guardian ad litem herein.

The application for the order was predicated upon section 324 of the Civil Practice Act, which empowers the court to compel a party to an action pending therein to produce and discover or to give to the other party an inspection and copy or permission to make a copy or photograph of a book, document or other paper relating to the merits or defense of the action.

The action is to recover damages for personal injuries suffered by the infant plaintiff; the suit is against the landlord of a dwelling in which the infant resided with his parents; the owner-landlord carried accident insurance; a few days after the accident, which occurred on October 17, 1943, a representative of the insurance carrier called and obtained from both the infant and his mother a statement signed by them concerning the accident; this he stated was necessary as a preliminary to effecting a possible settlement. In reliance thereon the statements were given and signed.

Settlement negotiations fell through. No copy of the statements was furnished to the infant or his mother; they were told that there was no necessity therefor; at the time neither the infant nor his mother was represented by an attorney.

Suit having been instituted, there is apprehension on the part of the plaintiff in proceeding to trial in the absence of an inspection of these statements. It is alleged by the infant's mother that she has no recollection whatever of what was contained in the statements and that plaintiff cannot properly prepare for trial unless a copy of the statements be obtained to refresh the recollection of both the infant plaintiff and herself, because there is the possibility that their testimony on the trial may vary from their version as given in the statements.

The plaintiff and his mother thus desire to be sure of their position before they testify — and it is asserted by the plaintiff in the brief that the application was properly granted because '' No harm can be caused the defendant in their permitting such an inspection.'' I am not so sanguine about the correctness of this assertion and I am rather disposed to feel that the converse is the truth, for if the statements as given are basically a true portrayal of the facts and the plaintiff and his mother should give a different version on the trial and were thereupon confronted with these statements, the falsity of their testimony could thus be made to appear in the absence of a satisfactory explanation. On the other hand, if the inspection sought is

permitted as a mere matter of course upon any flimsy pretext, as, for example, the one here advanced, real harm can be caused the defendant in permitting such an inspection, for in that case the parties would thus be afforded an opportunity to so fashion their testimony in advance as to make cross-examination a meaningless proceeding.

In granting the application, the court below relied on *Meehan* v. *McCloy* (266 App. Div. 706) and *Bearor* v. *Kapple* (24 N. Y. S. 2d 655), but I am of the opinion that they do not justify the granting of the order under review.

There are, of course, instances where such an inspection and discovery should be permitted, provided special and imperative grounds are shown to exist, as where a party was suffering great pain, where his senses were dulled from intoxicants or from shock, or where he was semiconscious or bewildered at the time. Such conditions are in the category of special circumstances; but to authorize an inspection and discovery simply to enable the signer to make sure in advance of trial that his testimony will harmonize with that given in the statement is not the purpose of the statute.

It is true, as has often been said, that the law is not a game of wits or one of chance. But neither is it to be utilized as a vehicle to spawn perjury and thwart justice. In the one case the special consideration for the granting of the relief sought is shown and it is granted in such an instance in the interest of justice. In the other instance, where no special exigency is made to appear authorizing such an inspection and permitting a discovery, it tends to retard and defeat the administration of justice if it is allowed as of course.

Reverting to the *Meehan* and *Bearor* cases (*supra*), the *Bearor* case is not regarded as persuasive. The *Meehan* case was a personal injury action by the tenant against the landlord and special circumstances were shown; the injuries were serious; the statement was obtained from the plaintiff the day after the accident while she was confined to her bed, her leg in a splint, and while she was in a weakened condition and suffering intense pain. These features were pointed out by the appellate court; they are not present here.

The fair assumption is that a party who has signed a statement of purported facts has told the truth; the reasonable presumption is that at the trial he will continue to do so. In the absence of special circumstances, the need for an advance comparison with what was previously said must give rise to grave suspicion.

It is my opinion that section 324 was not designed for promiscuous invocation, that it was intended to cover special necessity shown to exist and that it was not the legislative intent to allow its employment as of course.

The plaintiff upon the record presented has not made out a case contemplated by the statute, and it was error, therefore, to have granted the order both as a matter of law as well as in the exercise of discretion.

Order reversed, with ten dollars costs, and motion denied.

HAMMER, J. (dissenting). I dissent and vote for affirmance. (See *Meehan* v. *McCloy*, 266 App. Div. 706; *Bearor* v. *Kapple*, 24 N. Y. S. 2d 655.) The statement phrased and written by defendant's insurance company investigator was signed by the infant plaintiff and his mother and obtained upon the representation that it was to be used to effect a substantial settlement of the infant's serious injury. Infant plaintiff and his mother, who may be assumed to have been off guard, were not represented by an attorney and do not know what was in the statement, and sought the inspection which in the exercise of discretion was allowed below. No affidavit of the investigator is furnished, the opposition affidavit being by the insurance company lawyer who by virtue of the indemnity policy represents the defendant. The error claimed is that discretion was abused as infant plaintiff and his mother may give a different version on the trial and falsity will appear when they are faced with the statement obtained by the investigator. Despite any suspicion to the contrary, truth under oath and not falsity must be expected. The justice below, whose discretion as exercised is attacked as error, was not required to anticipate, as defendant desired and urged he should, that the infant plaintiff and his mother would perjure themselves and escape if they read what the investigator had written for them to sign, and be caught in their crime if defendant's insurance company could keep the statement under cover until the trial. The justice below was warranted to indulge a presumption of innocence in favor of plaintiff to which the law itself entitled him. In seeking to inspect the statement in advance of trial, plaintiff merely invoked the court's discretion in a matter of procedure and not of substantive right. Procedure is the machinery devised to expedite the business of courts. Properly regulated it serves that purpose and is an aid to litigants in the ascertainment of truth and the avoidance of surprise. Concerned with substantial

merits and the attainment of justice, courts regard rules of procedure as a means to that end, and not as the basis of ultimate decision. Procedural machinery to serve its proper purpose must be equally available to all litigants, none of whom should be regarded as acting in bad faith on the ipse dixit or self-serving arguments of an adversary. Rules essential to due process must be distinguished from rules intended to provide for the orderly despatch of business. Here we are considering a rule of pro cedure which is part of the pretrial machinery devised to limit and define issues of fact and conserve time which otherwise would be spent upon the trial in contesting the truth of each party's testimony and evidence and arriving at the real issue to be decided. Even if as a general principle it might be thought that withholding a signed statement from a witness until trial might tend to insure adherence to truth, the particular circum- stances of each case must always be the guide of the judge who has the responsibility of exercising judicial discretion. Pretrial aids, helpful as they may be to prompt determination, should never be permitted to frustrate the main objective, which is a true and just decision, and controversy over the use of such aids may obscure the merits of the case. Litigation is not a game of chance or skill turning upon the adroitness or slips of counsel, and a self-phrased written statement obtained under the circumstances disclosed here should be regarded in that category. The clever activities of a wily investigator in obtain- ing such statements from infants and their unwary mothers are fraught with the possibility of great evil. Such statements concealed until trial are both a threat to peace of mind and a hidden trap to be sprung upon the victims when they give their testimony. I am convinced that the exercise of discretion by the justice below should not be disturbed.

HECHT, J., concurs with EDER, J.; HAMMER, J., dissents in opinion.

Order reversed, etc.