7 N.J. Super. 521 (1950)
72 A.2d 429
CAROLINE CRISAFULLI, LOUIS CRISAFULLI, HER HUSBAND, AND ANNE BONOMO, PLAINTIFFS,
v.
PUBLIC SERVICE COORDINATED TRANSPORT, A CORPORATION OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Essex County Court Law Division.
Decided March 22, 1950.
*522 Mr. Hyman Halpern, for plaintiffs.
Mr. Carl T. Freggens, by Mr. Thomas J. McCluskey, for defendant.
HARTSHORNE, J.C.C.
Plaintiff, by interrogatories, asks defendant to produce a copy of a statement of plaintiff Bonomo, obtained by an agent of defendant, after the accident in question, in anticipation of litigation, and in preparation for a possible trial. Defendant objects on the ground that same is a portion of its work product, protected from such production. [Rule 3:26-2.]
Both Rule 3:33, as to interrogatories, and Rule 3:34, as to discovery and inspection of documents and property, refer back for their scope to Rule 3:26-2, as to depositions pending action. The provisions of the latter rule must therefore be deemed applicable to the former rules, in so far as the scope of matters producible is concerned. Such provisions are that the party examined, or interrogated, "shall not be required to produce or submit for inspection any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, or agent in anticipation of litigation and in preparation for trial unless the court otherwise orders on the ground that a denial of production or inspection will result in an injustice or undue hardship * * *." That the statement in question was obtained in anticipation of litigation and in preparation for trial, and by an agent of defendant, is not denied. The only allegation of injustice or undue hardship is, that such plaintiff does not know what her statement says, and so presumably does not want to be faced in testifying at trial with a possible contradiction in such statement.
*523 Even in the absence of the explicit provisions of the above New Jersey rule, it has been held, under the much more general provisions of the federal rule, that such a statement by an ordinary witness is not usually producible. [Hickman v. Taylor, 329 U.S. 385 (S.C. 1947).] This principle, protecting generally the "work product" of an attorney, has been reiterated under the much more explicit provisions of the above New Jersey rule, which in fact broadened the applicability of such principle. [Schwartz v. Public Service, 64 A.2d 477 (Cty. Ct. 1949).]
Why should a different principle be applied in the case of a party witness than in that of an ordinary witness? The major reason for nonproduction  the work-product principle  equally applies to both. That the rule was intended to apply generally, appears from its language, forbidding the production of "any writing." The reason for production, i.e., "injustice or undue hardship," is here conspicuously absent. Were it claimed that the statement in question referred to other witnesses, or other evidentiary facts, which, through lapse of time or otherwise, the witness making the statement could not recall, such injustice or undue hardship might exist. For, under such circumstances, the party denied the statement, could not properly prepare his case.
But here no such situation is claimed. All that is claimed is that such statement may perchance be contradictory of the case plaintiff is now preparing to prove. If her claim is honest, she need have no fear. If otherwise, her fears should be permitted to continue, in order that truth may prevail.
Nor are the cases cited by plaintiff to the contrary. Blank v. Great Northern Ry., 4 F.R.D. 213 (D.C. 1943), was decided several years before the "work product" doctrine was first authoritatively laid down by the United States Supreme Court in Hickman v. Taylor, supra. Terrell v. Standard Oil, 5 F.R.D. 146, 9 F.R.S. 26b.211, Case 6, instead of supporting plaintiff's contention, appears to be to the contrary. For there the court denied the production of certain matters, as privileged, on the authority of Hickman v. Taylor, as decided by the Circuit Court of Appeals (153 F.2d 212, 1945), and *524 before that case reached the United States Supreme Court, supra. This Court of Appeals opinion shows that these matters were the statements of witnesses obtained by the adverse party's attorney, this ruling, denying their production, being later affirmed by the United States Supreme Court, as above, on the work-product principle.
Plaintiff's application will be denied.