[Civ. No. 18418.   Second Dist., Div. Two.   Apr. 11, 1951.]

CONSTRUCTION PRODUCTS CORPORATION (a Corporation) et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Larwill & Wolfe for Petitioners.

W. B. Etheridge, Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Respondents.

MOORE, P. J.—■   The question presented for decision is whether the court below has exceeded its jurisdiction in issuing an order pursuant to section 1000 of the Code of Civil Procedure compelling petitioners to make available to respondents for inspection "all . . . books, accounts, docu-

ments and papers now in the possession and/or under the control of defendants . . . in connection with . . , and relating to the business, operations and financial condition of defendant, Construction Products Corporation . . .''

Such order was granted on the motion of Mr. and Mrs. Moore, respondents here and plaintiffs below, in connection with their action instituted against the corporation and its president, Frank W. Wells, demanding damages for fraud, enforcement of certain contracts and recovery of various sums of money on counts for moneys had and received. The complaint in that action reveals that the allegations of fraud are predicated upon alleged misrepresentations as to the business and financial condition of the corporation prior to plaintiffs' advancing $60,000 to the firm, manipulation of the corporate books and records and commingling of plaintiffs' funds held in trust by defendants.

Petitioners urge in their petition for a writ of review that this court annul the order in question on the ground that it is in excess of the trial court's jurisdiction. Basing their contention on the decision in *Shell Oil Co.* v. *Superior Court,* 109 Cal.App. 75 [292 P. 531], they assert that the order is void in that it fails to designate the precise documents which are to be made available for inspection; that the respondents have not shown that any such books and papers contain evidence material to the issues awaiting trial; that in short, such plaintiffs are merely seeking to enter upon a ''fishing expedition.''

In determining the propriety of an order under section 1000, Code of Civil Procedure, it must be borne in mind that the trial court's action thereunder is discretionary and that all intendments are in favor of the validity of such order. Accordingly, such action will not be annulled unless a clear abuse of that discretion appears. (*Milton Kauffman, Inc.* v. *Superior Court,* 94 Cal.App.2d 8, 16 [210 P.2d 88].)

The complaint against petitioners incorporates by reference the agreement between the parties executed at the time plaintiffs advanced their funds. From this contract it is clear that the court was warranted in determining that the parties were in the position of joint adventurers. It was contemplated that with plaintiffs' capital contribution petitioners would manufacture certain ''trench diggers'' to fill orders then on hand for the mutual profit and benefit of all concerned. Where such relationship exists the parties

thereto have a common interest in the business records and the right to their access cannot, in justice, be denied. (*Milton Kauffman, Inc.* v. *Superior Court, supra,* p. 17.)

The court's order herein purports to award rights of inspection to plaintiffs. Such rights are not in the slightest more comprehensive than rights of inspection and of making copies provided for by the very terms of the agreement made by the parties. By specific provision in this contract, Mr. Moore and his attorney ''and all agents, representatives, and auditors'' were given rights of inspection of the plant, sales operations and permission to copy and examine all books and records thereof. Therefore, by what authority can petitioners complain when the trial court has, in reality, only confirmed the very contract provision to which they themselves previously assented?

The order to show cause hereinbefore issued is discharged and the petition for writ of review is denied.

McComb, J., and Wilson, J., concurred.