[Civ. No. 19602. Second Dist., Div. One. July 31, 1953.]

LOS ANGELES TRANSIT LINES (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Trippet, Newcomer, Yoakum & Thomas, Henry R. Thomas and Henry F. Walker for Petitioners.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Respondent.

DORAN, J.—This application which has been denominated a "petition for a writ of prohibition" relates to an order "pursuant to C.C.P. section 1000" which provides that the court may make such an order on notice, as further provided in section 1010. Said notice must be in writing and "state when and the grounds upon which it will be made."

The action was for damages for personal injuries by *Jack Gill and Bertha Gill* v. *Los Angeles Transit Lines and G. K. Moore.*

The notice of motion provided "that plaintiff will move the court . . . for an order . . . permitting plaintiffs to inspect and copy documents or papers in your possession or under your control, containing evidence relating to the merits of the above entitled action or the defense therein.

"The documents and papers which plaintiffs will seek to have the Court order produced are as follows:

"1. Any statement made by defendant G. K. Moore to defendant Los Angeles Transit Lines concerning the manner in which the accident in the above entitled cause occurred; or any statement which an agent, servant or employee of Los Angeles Transit Lines made to Los Angeles Transit Lines concerning the manner in which the accident in the above entitled cause occurred, and all papers, notes and memoranda which disclose oral statements made by an agent, servant or employee of Los Angeles Transit Lines to Los Angeles Transit Lines regarding such accident.

"2. All statements of witnesses which contain evidence or matters relating to the above entitled action, or the accident giving rise thereto, and all papers, notes and memoranda which disclose oral statements made by witnesses to such accident."

The court denied the motion as to paragraph "1" above quoted but granted it as to paragraph "2". The order is as follows:

"IT IS HEREBY ORDERED AND DECREED that on Tuesday, March 10, at 10:00 A. M., defendants ~~produce at the office of Stanley Fleishman, 6331 Hollywood Boulevard, Hollywood, California,~~ the ~~following documents and papers~~ and permit the inspection, ~~thereof and the~~ copying ~~and~~ *or* photographing ~~thereof~~ *of the following documents* by or on behalf of the plaintiffs:

"All statements of witnesses which contain evidence or matters relating to the above entitled action or the accident giving rise thereto; and all papers, notes and memoranda

which disclose oral statements made by witnesses to such accident.''

The record reveals that the petitioners herein are the defendants in said action and the Transit Casualty Company the insurer of defendant Los Angeles Transit Lines.

The petition herein recites that, ''said petitioner insurance carrier agreed to provide defense for the assured or assureds and was given the right to make investigation of accidents and asserted accidents, the purpose being to enable it to prepare defense to possible claims or suits or to claims and suits when and if made all in accordance with its contract obligations. Said insurance also provides and provided that the assured or assureds shall cooperate with petitioner insurance carrier in giving statements, securing witnesses, and fully and faithfully cooperating with petitioner insurance carrier.''

It is contended by petitioners that ''respondent court has acted beyond and in excess of its jurisdiction.'' In this connection it is urged that ''Inspection cannot be ordered of any document unless it be first shown by the applicant therefor that such document exists, is admissible in evidence and is competent, relevant and material to the issues involved.''; that ''No showing was made by applicants on their motion for inspection that the documents ordered to be produced would be admissible in evidence or that any of them would be relevant, material or competent to any issue in the cause.'' and, that ''the documents ordered for inspection are privileged matter.''

Respondent's showing in support of the effort to obtain the order in question was insufficient. ██ As was pointed out by the court in *McClatchy Newspapers* v. *Superior Court*, 26 Cal.2d 386 [159 P.2d 944], ''The right to have an inspection of papers and documents in the hands of a party to the action or a third person is governed by different rules from those applying to depositions. A party or witness has a constitutional right to be free from unreasonable searches and seizures, and it is therefore incumbent upon the one seeking an inspection to show clearly that he has a right thereto and that the constitutional guarantees will not be infringed. Hence, the affidavit in support of the demand for inspection must identify the desired books, papers and documents and it must clearly show that they contain competent and admissible evidence which is material to the issues to be tried. The affiant cannot rely merely upon the legal con-

clusion, stated in general terms, that the desired documentary evidence is relevant and material. . . . Although it would be unjust to permit plaintiff to recover for an alleged libel by suppressing or withholding evidence which is material or vital to the action, defendant must first show the materiality of the desired evidence and cannot obtain permission to search through all plaintiff's papers and records merely in the hope or expectation that the investigation will disclose favorable information.''

And, as quoted in *Ex parte Clarke*, 126 Cal. 235 at 242 [58 P. 546, 77 Am.St.Rep. 176, 46 L.R.A. 835], ''The right given by statute to discover books, papers, and documents relating to the merits of a pending action does not entitle a party to enter into a mere fishing examination of all books, papers, and documents of his adversary. An inquisitorial examination was not contemplated by the framers of the statute.'' (See, also, *Kullman* v. *Superior Court*, 15 Cal.App. 276 [114 P. 589]; *Funkenstein* v. *Superior Court*, 23 Cal.App. 663 [139 P. 101].) Many other authorities could be cited in support of petitioners' contentions.

In view of the foregoing it is unnecessary to consider other contentions raised in the petition.

In the many cases which have reviewed and considered orders made pursuant to section 1000, Code of Civil Procedure, and subpoenas duces tecum issued under section 1985, Code of Civil Procedure, are found the same basic principle underlying proceedings under both sections. In the case of *McClatchy Newspapers* v. *Superior Court, supra*, it will be noted that the court after discussing proceedings under section 1000, Code of Civil Procedure, states that the principles discussed apply with equal force to an attempt by subpoena duces tecum to inspect papers and documents in the hands of the opposing party.

Because of this similarity it is important to note whether the ruling in *Lockheed Aircraft Corp.* v. *Superior Court*, 28 Cal.2d 481 [171 P.2d 21, 166 A.L.R. 701], would be applicable. The court said at page 487 that a writ of prohibition ''cannot be used to prevent the enforcement of a subpoena duces tecum on the ground that the affidavit is defective'' citing *C. S. Smith Met. Market Co.* v. *Superior Court*, 16 Cal.2d 226 [105 P.2d 587]. Therefore, while a writ of prohibition could not properly issue in this case it would in no way prejudice the rights of any party in interest and would serve the ends of justice to consider the applica-

tion to be, in effect, a petition for a writ of mandate, ordering the court below to vacate and set aside the minute order of March 4, 1953, and the written order of March 6, 1953, quoted above, which embodied the said minute order.

It is ordered that a peremptory writ of mandate issue directing respondent superior court to vacate and set aside its minute order of March 4, 1953, and its written order of March 6, 1953, referred to in the foregoing opinion.

White. P. J., and Drapeau, J., concurred.