[S. F. No. 19553.   In Bank.   Dec. 14, 1956.]

HERBERT H. DOWELL, Petitioner, v. THE SUPERIOR
COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Respondent; SOUTHERN PACIFIC
COMPANY, Real Party in Interest.

Barbagelata, Zief & Carmazzi, Rinaldo A. Carmazzi and Arthur C. Zief for Petitioner.

No appearance for Respondent.

A. B. Dunne, G. Blandin Colburn, Jr., and Dunne, Dunne & Phelps for Real Party in Interest.

SHENK, J.—This is an application for a writ of mandate to compel the respondent superior court to set aside its order denying an application for inspection pursuant to section 1000 of the Code of Civil Procedure. That section provides: "Any court in which an action is pending, or a judge thereof may, upon notice, order either party to give to the other, within a specified time, an inspection and copy or permission to take a copy, of entries of accounts in any book, or of any document or paper in his possession, or under his control, containing evidence relating to the merits of the action, or the defense therein. . . ."

In September, 1955, the petitioner Herbert Dowell suffered personal injuries resulting from the alleged negligence of the Southern Pacific Company, the real party in interest and hereinafter called the company. Shortly thereafter the petitioner was taken to a hospital. On the following day a claims

investigator of the company called upon him in the hospital and took his written statement concerning the circumstances of the accident. This took place during an interview lasting approximately one hour. The petitioner signed the statement but was not given a copy.

In November, 1955, the petitioner commenced an action against the company in the respondent court, seeking the recovery of damages for his injuries. Thereafter he presented to the court a motion under section 1000 for an order directing the company to permit him or his attorneys to inspect and copy the statement he had given the claims investigator. This and a subsequent motion for inspection of the same document were denied. These motions were supported by affidavits of the plaintiff and one of his attorneys. In his affidavit the plaintiff averred that he did not remember just what he had said in the statement he had made to the investigator; that neither he nor his attorneys had seen the statement which was in the possession of the defendant; and that the evidence contained in the statement was material to the issues of liability of the defendant and the contributory negligence, if any, of the plaintiff; and that the statement would be admissible at the time of trial.

The company opposed these motions but at no time filed any counteraffidavits. On the occasion of the second motion, counsel for the company offered to permit the plaintiff to inspect and copy the statement but only on the condition that he execute an affidavit that he did not remember the facts and circumstances of the accident and that an inspection was necessary to refresh his memory. The plaintiff did not accept this offer although as noted he averred that he did not recollect what he had said in the statement.

The petitioner relies mainly on the case of *Holm* v. *Superior Court,* 42 Cal.2d 500 [267 P.2d 1025, 268 P.2d 722], and urges that the trial court abused its discretion in refusing an order of inspection. The company asserts in reply that the Holm case has no application. There are several points of similarity in the two cases which are of compelling significance. The Holm case emphasizes the importance of the requirement of materiality in the document sought to be inspected. It was there said at page 505: "Where the use of the statutory bill of discovery is denied by our courts it usually is because the information sought to be obtained is not relevant or material to any of the issues in the case." In that proceeding the materiality of the statement sought to be produced ap-

peared in the affidavits in support of the motion to inspect. Here the materiality of the statement was establisehd by the uncontradicted affidavits of the plaintiff in the pending action. There as here the defendant had refused to furnish a copy of the statement to the plaintiff. There as here there was no attorney-client relationship and the parties were in adversary positions. There is a dissimilarity in that the Holm case was a prohibition proceeding and this is a mandamus proceeding. It was held in the Holm case that the condition of materiality had been met and that it was within the power of the trial court to entertain and determine the motion. The application for the writ of prohibition was accordingly denied. ■ Whatever action the court might take in granting or denying the motion would of course be subject to the right of a plaintiff to test the discretionary power of the court with reference thereto. Whether such a motion should be granted or denied is within the trial court's sound discretion and whatever order the court might make will not be disturbed in the absence of an abuse of discretion. (*Shell Oil Co.* v. *Superior Court*, 109 Cal.App. 75 [292 P. 531]; *Construction Products Corp.* v. *Superior Court*, 103 Cal.App.2d 403 [229 P.2d 399].)

■ Here the court has acted and denied the motions for inspection. As the order is not appealable there is no plain, speedy or adequate remedy in the ordinary course of law and mandamus is the appropriate remedy to obtain the relief sought. (*McClatchy Newspapers* v. *Superior Court*, 26 Cal. 2d 386 [159 P.2d 944]; *Proctor & Gamble Mfg. Co.* v. *Superior Court*, 124 Cal.App.2d 157 [268 P.2d 199].)

■ In approaching the problem it is noted that the "trend of judicial decisions is to relax the rules which relate to the taking of evidence by ancillary proceedings of which the inspection of documents is one method. . . ." (*Union Trust Co.* v. *Superior Court*, 11 Cal.2d 449, 462 [81 P.2d 150, 118 A.L.R. 259]; 18 C.J. § 116 and cases cited.)

■ It is also observed that the principles of equity enter into the determination of an application for discovery and also in a mandamus proceeding to compel appropriate action. ■ It was well said in *Potomac Oil Co.* v. *Dye*, 10 Cal.App. 534 at 537 [102 P. 677]: "*Mandamus*, although it is an extraordinary legal remedy, is in the nature of an equitable interference supplementing the deficiencies of the common law. It will ordinarily be issued where a legal duty is established, and no other sufficient means exist for enforcing it. . . . ■ Its issuance is not necessarily a matter of right, but lies

rather in the discretion of the court, but where one has a substantial right to protect or enforce, and this may be accomplished by such a writ, and there is no other plain, speedy and adequate remedy in the ordinary course of law, he is entitled as a matter of right to the writ, or perhaps more correctly, in other words, it would be an abuse of discretion to refuse it.'' ▉ It has also been said that although generally classed as a legal remedy, the question of whether it should be applied is largely controlled by equitable considerations. (*Hutchison* v. *Reclamation Dist. No. 1619*, 81 Cal.App. 427, 433 [254 P. 606], and cases cited.)

▉ In the light of the foregoing principles it appears beyond question that the petitioner has shown a substantial right in his application. It is authorized by statute and should be enforced when the necessary prima facie showing has been made and there is no adequate showing to the contrary.

▉ It sufficiently appears that the motions of the petitioner presented a prima facie case in favor of the relief sought. They disclosed the situation of the parties at the time the statement was made and the document signed. It is to be assumed that the claims investigator was skillful in his undertaking. It may also be assumed that it would be to the advantage of the company to obtain from a possible claimant an account from his standpoint of the facts surrounding the accident and to obtain it as soon as possible after it occurred. Certainly it may not be denied that one of the purposes of an interview with a possible claimant as soon as possible after an accident is to obtain information to be used in resisting an unjust or exorbitant claim or in aid of adjustment thereof. But in obtaining and using such information against an adverse party the conduct of the possible defendant in an action on the claim should be attended with fairness and without overreaching.

It may also fairly be assumed that a patient in a hospital, taken there immediately after an accident for observation or treatment, would then be in a condition of nervous shock and remain so for some time thereafter. Here, as noted, the statement was obtained within 24 hours after the accident. If mentally distraught in any way, he might not during that period be in such a normal condition as would enable him to recollect just what had happened at the time of the accident or to appreciate the necessity of safeguarding his rights under such circumstances. He was without the aid of counsel and may not have realized that he had the right to refuse to

make any statement at that time or that he had the right to demand a copy of his statement as a condition to making it. It was requested by the company and voluntarily given by the petitioner under circumstances which should give the court concern to see that no unfair advantage was taken of the party who thus voluntarily acceded to the request.

To encompass further the probabilities it may be that a person undergoing examination under the circumstances here shown would then be possessed of a clearer recollection of what had taken place than he would have thereafter. In this respect the statement might have reciprocal advantages. In such a case the advantage to the person making it would be as an aid in refreshing his recollection. In this connection the company asserts that if a copy of the statement be given to the petitioner he will be able to reconcile his testimony at the trial with what he had said in the statement, resulting in a denial to the company of the benefit of cross-examination and to its prejudice in the presentation of its defense. The company would thus seek to obtain an advantage over the petitioner on the trial of the case by not permitting an inspection. At the same time it would deprive the petitioner of any advantage he might gain from an inspection. In taking this attitude the company is assuming such an obvious inequitable position toward the petitioner as to require the intervention of a court to prevent what may rightly be called a failure of justice.

The State of New York has taken legislative cognizance of abuses which might arise in a situation such as is here presented. By section 270-b of the Penal Law of that state it was made a misdemeanor for any person to enter a hospital, for the purpose of obtaining a general release or a statement written or oral from any person confined in the hospital with reference to personal injuries, within 15 days after the injuries were sustained, unless the person injured has signified his willingness, in writing and at least five days prior to making the statement, that he is willing to make it. In *Bearor* v. *Kapple*, 24 N.Y.S.2d 655, the court granted an application for inspection even though the injured person was not in a hospital at the time the statement was made but was in his own home. The application was granted pursuant to a section of the Civil Practice Act, and ''in the interest of substantial justice.''

Under the circumstances here disclosed we conclude that the company has advanced no valid reason why a copy of the

statement should not be furnished to the petitioner and that it was an abuse of discretion on the part of the trial court to deny the relief sought. The offer of the company to furnish a copy to the petitioner on condition that he execute an affidavit that he did not remember the facts and circumstances of the accident and that an inspection of the statement was necessary to refresh his memory was not within the bounds of reason or justice.

Let a peremptory writ issue requiring the respondent court to set aside its order denying the petitioner an inspection of the document in question and to issue an appropriate order of inspection with the right to take a copy as prayed.

Gibson, C. J., Carter, J., Traynor, J., and Spence, J., concurred.

SCHAUER, J., Dissenting.—It is my view that petitioner has not shown that the trial court abused its discretion in refusing the inspection, and that the writ should be denied.

From the record it appears that in September, 1955, petitioner (sometimes herein called plaintiff) suffered personal injuries resulting from alleged negligence of Southern Pacific Company, the real party in interest herein. The following day a claims investigator of Southern Pacific (sometimes herein called defendant) visited petitioner in the hospital and took his written statement "about how the accident occurred and about the injuries sustained by Petitioner." Petitioner signed the statement, but has received no copy thereof. In November, 1955, he filed an action against Southern Pacific in respondent court, seeking recovery for his injuries, and at the same time moved under section 1000[1] of the Code of Civil Procedure for an order directing Southern Pacific to permit plaintiff or his attorneys to inspect and copy the statement he had given the claims investigator. The motion was supported by affidavits of plaintiff and one of his attorneys, but no counteraffidavits were filed. The motion was denied, and upon being later twice renewed by plaintiff was both times again denied. Plaintiff then filed this petition for mandate, stating that "the question to be decided . . . is

[1]Section 1000: "Any court in which an action is pending, or a judge thereof may, upon notice, order either party to give to the other, within a specified time, an inspection and copy or permission to take a copy, of entries of accounts in any book, or of any document or paper in his possession, or under his control, containing evidence relating to the merits of the action, or the defense therein. . . ."

whether, on the showing made, Respondent Court had jurisdiction to deny the . . . motion for inspection . . . That . . . Respondent erroneously refused to grant your Petitioner an inspection of this statement and therefore divested itself of jurisdiction.''

The petition for mandate and plaintiff's affidavits allege that among the issues in plaintiff's action are defendant's negligence and plaintiff's contributory negligence; that plaintiff's statement secured by the claims investigator ''is to be used by the defendant at the time of trial'' of the action; that plaintiff does not remember what he said in the statement; that the evidence contained therein is material to the issue of defendant's liability and of plaintiff's contributory negligence; that the statement would be admissible in the trial of the action.

*No claim of unfairness, fraud, inducement, coercion or overreaching in respect to the statement is made.*

Defendant, in answer to the petition for mandate, avers that it has filed an answer to plaintiff's complaint in the basic action, alleging that plaintiff was guilty of contributory negligence; that its claims adjuster took the signed statement from plaintiff but that it ''has not yet determined whether or when said statement will be used in said pending action''; that at the second hearing on plaintiff's motion defendant's counsel offered to permit plaintiff to inspect and copy the statement upon the condition that plaintiff would execute an affidavit that he did not remember the facts and circumstances of the alleged accident and that inspection of the statement was necessary to refresh his memory; that such offer of counsel was not accepted.

Petitioner, in reliance upon *Holm v. Superior Court* (1954), 42 Cal.2d 500 [267 P.2d 1025, 268 P.2d 722], urges that the trial court had no discretion but to order the inspection he sought. In that personal injury case, contrary to the present situation, the trial court, rather than refusing to order the inspection, granted plaintiff's motion to inspect a statement obtained from plaintiff by defendant's claims investigator. Defendants then petitioned for prohibition to restrain the court from enforcing its inspection order. This court held, adversely to defendants' contentions, that the statement was not within the confidential attorney-client relationship and that it could properly be reached under section 1000 of the Code of Civil Procedure (pp. 505-508 of 42 Cal.2d), and denied the writ as to the statement.

The Holm case does not, however, hold that the trial court would have no jurisdiction in any case to deny a motion for inspection nor is it authority for the proposition that it is an abuse of discretion for the trial court to deny inspection of such a statement regardless of the circumstances of the particular case. The true rule is that the trial court's action with respect to an inspection sought under section 1000 is discretionary within the field of reason and justice, that all intendments are in favor of the validity of the court's order, and that the order will not be interfered with unless a clear abuse of discretion is shown. (See *Union Trust Co.* v. *Superior Court* (1938), 11 Cal.2d 449, 464 [81 P.2d 150, 118 A.L.R. 259]; *Construction Products Corp.* v. *Superior Court* (1951), 103 Cal.App.2d 403, 404 [229 P.2d 399]; *Milton Kauffman, Inc.* v. *Superior Court* (1949), 94 Cal.App.2d 8, 16 [210 P.2d 88]; *Shell Oil Co.* v. *Superior Court* (1930), 109 Cal.App. 75, 79-80 [292 P. 531]; *Maclay Rancho Realty Co.* v. *Superior Court* (1927), 81 Cal.App. 471, 475 [254 P. 287]; see also *Union Oil Co.* v. *Reconstruction Oil Co.* (1935), 4 Cal.2d 541, 545 [51 P.2d 81].)

As a foundation for the making of an order of inspection, one of the indispensable requirements that must be made to appear by an affirmative and substantial showing is that the document that is sought to be inspected contains evidence that is material to an issue which is involved in the action or proceeding with respect to which the order of inspection is sought. (*Union Trust Co.* v. *Superior Court* (1938), *supra,* 11 Cal.2d 449, 454; *Austin* v. *Turrentine* (1939), 30 Cal.App. 2d 750, 761 [87 P.2d 72, 88 P.2d 178]; *Shell Oil Co.* v. *Superior Court* (1930), *supra,* 109 Cal.App. 75, 80.) Thus, the affidavit in support of the demand for inspection must clearly show that the desired document contains competent and admissible evidence which is material to the issues to be tried, and in so showing the affiant cannot rely merely upon the legal conclusion, stated in general terms, that the desired documentary evidence is relevant and material. (*McClatchy Newspapers* v. *Superior Court* (1945), 26 Cal.2d 386, 396-397 [159 P.2d 944]; *Proctor & Gamble Mfg. Co.* v. *Superior Court* (1954), 124 Cal.App.2d 157, 161 [268 P.2d 199]; *Los Angeles Transit Lines* v. *Superior Court* (1953), 119 Cal. App.2d 465, 467-468 [259 P.2d 1004]; *Shell Oil Co.* v. *Superior Court* (1930), *supra,* 109 Cal.App. 75, 80-87.) And in the exercise of its discretion in passing upon a motion for an inspection order, the court is not required to accept the

averments of the affidavits in support of the motion as final, but may conclude from other matters before it that in some respects the facts are otherwise. (See *Maclay Rancho Realty Co.* v. *Superior Court* (1927), *supra*, 81 Cal.App. 471, 475.) As also commented in the Maclay decision (p. 475 of 81 Cal. App.), even though the facts in a particular case might warrant the making of the inspection order, "it is elementary that where the action is discretionary with the trial court, the writ [mandate] here asked will not issue unless the refusal of the trial court . . . amounts to an abuse of discretion."

Further, the statute (Code Civ. Proc., § 1000) was designed to aid in the administration of justice and to assist a party to an action to obtain the necessary disclosure of material facts even though the writings evidencing such facts are in the possession of the adverse party. (*Union Trust Co.* v. *Superior Court* (1938), *supra*, 11 Cal.2d 449, 456, 459, 462-463; *Union Oil Co.* v. *Reconstruction Oil Co.* (1935), *supra*, 4 Cal.2d 541, 545; *Milton Kauffman, Inc.* v. *Superior Court* (1949), *supra*, 94 Cal.App.2d 8, 15.)

Applying these several rules to the present case, it appears to me that petitioner, upon whom the burden of proof rests, has not shown himself entitled to the writ he seeks. In the first place, the affidavits in support of his motion to inspect allege only the legal conclusion that the evidence contained in the statement is material to the issues to be tried, and, further, he has not accepted defendant's offer to produce the statement if plaintiff would execute his affidavit stating that he did not remember the facts of the alleged accident upon which his action against defendant is based. (If he does not need the statement to refresh his recollection as to *the facts*, then for what reason does he need it?) In addition, the complaint and the motion for inspection were filed only two months after the alleged accident, and at a time when plaintiff's memory of the occurrence was presumably relatively fresh. As pointed out by defendant, there were thus ample grounds for the trial court, in the exercise of its discretion, to decide that plaintiff had not made an adequate showing of materiality or necessity for inspection in the interest of justice and that, to the contrary of petitioner's claim, production of the statement would tend to suppress the truth and thwart the administration of justice rather than aid therein. If he did not remember the facts of the accident, and in truth needed the memorandum to refresh his memory, then upon his affidavit to that effect the statement would have been produced by de-

fendant. If he did remember such facts and had told the truth in the statement, then he already knew the contents of the statement and there was no reason for him to see it in preparing a truthful case for presentation at trial. It will be remembered that petitioner makes no claim of unfairness, coercion or overreaching in respect to the statement. The only reason for him to see it under the circumstances presented to the trial court would seem to be, as defendant comments, that plaintiff would then know what kind of a story he could tell in court without being impeached by his own statement. When faced by a similar problem the court pointed out in *Crisafulli* v. *Public Service Coordinated Transport* (1950), 7 N.J.Super. 521 [72 A.2d 429, 430], that ''All that is claimed is that such statement may perchance be contradictory of the case plaintiff is now preparing to prove. If her claim is honest, she need have no fear. If otherwise, her fears should be permitted to continue, in order that truth may prevail.'' (See also *Safeway Stores* v. *Reynolds* (1949, Ct.App., D.C.), 176 F.2d 476, 477; *McCoy* v. *District Court* (1952), 126 Colo. 32 [246 P.2d 619, 622]; *La Maida* v. *Miledna Realty Corp.* (1944), 182 Misc. 690 [49 N.Y.S.2d 650, 651].) Ascertainment of the truth is an important part of the trial court's function; it is all too often a difficult task. I am firmly convinced that this reviewing court should not, by what appears to me to be a straining of the law, curtail the means available to the trier of facts to discover the truth.

Since the record before us indicates that plaintiff has failed to show either the materiality of the desired document, or that its production will serve the cause of justice, the alternative writ should be discharged and the peremptory writ sought should be denied.

McComb, J., concurred.