[Civ. No. 22375. Second Dist., Div. Two. May 27, 1957.]

UNION OIL COMPANY (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; ROBERTA LYNN WILLIAMS et al., Real Parties in Interest.

Ball, Hunt & Hart and Joseph A. Ball for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Assistant County Counsel, for Respondent.

Walter W. Heil for Real Parties in Interest.

RICHARDS, J. pro tem.*—The petitioner, Union Oil Company, seeks a writ of prohibition to restrain the respondent court from enforcing portions of an order for inspection. The order was made in an action in which the surviving heirs of Francis P. Williams and William P. Farry seek to recover damages from the petitioner for the wrongful death of the decedents, caused by poisonous gases while the decedents were on the petitioner's premises as business invitees, and alleged to have resulted from petitioner's negligent operation and management of its premises and equipment. The plaintiffs in the action filed a motion under section 1000 of the Code of Civil Procedure[1] for an order permitting them to inspect, among other things, (1) written statements of petitioner's employees and independent witnesses who witnessed the accident, and (2) records of all inspections, orders, work orders, approvals and safety precautions issued or made prior to and immediately following the accident.

The affidavit filed on behalf of plaintiffs in support of the motion for the order of inspection alleged that the decedents, at the time of their death, were at the petitioner's refinery as employees of an independent contractor and that while so engaged at approximately 2 a. m. they were overcome by fumes and killed; that at said time the surviving widows and children of the decedents were at their respective homes; that the petitioner, for whom the work was being done, had approximately 40 workmen in the immediate vicinity of the accident, some of whom assisted the decedents in the work being done and participated in the attempted rescue of the decedents, and that there were also independent witnesses at the scene of the accident; that pursuant to a petroleum safety order (Cal. Admin. Code, tit. 8, § 6761[2]) said employees and independent witnesses made written statements and gave

---

*Assigned by Chairman of Judicial Council.

[1] "Any court in which an action is pending, or a judge thereof may, upon notice, order either party to give to the other, within a specified time, an inspection and copy or permission to take a copy, . . . of any document or paper in his possession, or under his control, containing evidence relating to the merits of the action, or the defense therein. . . ." (Code Civ. Proc., § 1000.)

[2] "Reporting Unsafe Conditions (a) Unsafe or dangerous conditions, defects in or damage to machinery, apparatus, or equipment, resulting in unsafe or dangerous conditions, and accidents occurring in the course of operations which may result in personal injury, shall be reported by the employee observing them to his employer. The employer shall investigate such reports, and shall take such action as may be required to correct the condition, if in fact unsafe or dangerous." (Title 8, California Administrative Code, § 6761.)

the statements to the petitioner and thereafter a committee was appointed to investigate the accident pursuant to the petroleum safety order; that immediately following the accident each of the petitioner's employees having knowledge of the accident gave a written statement thereof to William Barber, head of the fire and safety department of petitioner, and a few days thereafter the same employees were questioned and the former statements which they had given were elaborated upon and given in more detail; that the signed witness statements and the committee investigation were each made pursuant to the petroleum safety order and the members of the committee appointed were empowered by petitioner to make a report and recommendations as to unsafe or dangerous conditions on the premises and that the report of the committee contains evidence of the petitioner's participation, control and supervision over the work being done which resulted in the death of the decedents; that the written statements contain admissions against interest by the petitioner's employees and that the statements and report show the nature and extent of the control, care and supervision exercised by the petitioner over the work being done at the scene of the accident as well as the precautions taken by the petitioner for the safety of business invitees on the premises as well as for petitioner's own employees.

In opposition to the motion, identical affidavits were made by James E. Hill, petitioner's supervisor of fire and safety, and William Barber, supervisor of fire and safety at the petitioner's refinery where the accident occurred. Each of these affidavits states that on or about the date of the accident, affiant conducted an investigation in collaboration with the other affiant surrounding the accident and that this examination was conducted under the direction of the petitioner's legal counsel with instructions to make all reports and to submit all information obtained together with the witness statements to a designated assistant counsel of the petitioner; that affiant interviewed many witnesses and caused witness statements to be prepared and signed and that all of such statements were forwarded to the petitioner's counsel "pursuant to his instructions and by reason of the fact that claims would be made and suits could be filed" against the petitioner in connection with the accident; that no committee was appointed to investigate the accident; that all written memoranda and records relative to the conditions existing at the time of the

accident were delivered to the office of the petitioner's legal counsel and there is no record of any action or recommendation by any investigating committee appointed for that purpose in connection with dangerous or unsafe conditions at the refinery.

The foregoing affidavits comprise all of the evidence which was before the court on the motion for an order of inspection. The petitioner resisted the motion upon the ground that the written and signed witness statements were privileged communications. After the hearing of the motion the court filed its written memorandum of decision stating in substance that the principal issue presented by the motion to inspect the witness statements and report of investigation was the dominant purpose for which they were prepared, and that where it appears that such records are to serve a dual purpose, one for transmittal to the attorney and one not related to that purpose, the court must determine which purpose predominates. The trial court's memorandum reviews the contentions of the parties and concludes that the written statements were made primarily to comply with the petroleum safety order and incidentally for the uses of the petitioner's counsel, and thereupon ordered the petitioner to permit plaintiffs or their attorney to inspect and copy, among other matters, the written witness statements. The petitioner has refused to comply with the court's order and is threatened with contempt proceedings unless the respondent court is restrained by this application for a writ of prohibition.

The trial court's order for inspection is not appealable and prohibition is therefore the proper remedy. (*Holm* v. *Superior Court*, 42 Cal.2d 500 [267 P.2d 1025, 268 P.2d 722]; *City & County of San Francisco* v. *Superior Court*, 38 Cal.2d 156 [238 P.2d 581, 592]; *Franchise Tax Board* v. *Superior Court*, 36 Cal.2d 538 [225 P.2d 905].)

In this proceeding the petitioner contends that the attorney-client privilege (Code Civ. Proc., § 1881, subd. 2) bars plaintiffs' inspection of the signed witness statements and therefore the order of the trial court was in excess of jurisdiction and an abuse of discretion. Petitioner asserts that its counteraffidavits clearly establish that the statements were taken by an agent of petitioner's counsel for the purpose of allowing the petitioner to be prepared to defend itself against a claim for damages arising from the accident. However, plaintiffs' affidavit filed in support of the motion alleged, and it is not denied in the counteraffidavits, that the written state-

ments obtained from the employees and independent witnesses participating in the rescue were made pursuant to the petroleum safety order and incidentally for the use of the petitioner's attorney. ■ It is a general rule that where there is a conflict in affidavits on a factual issue before the trial court, the determination of that issue is binding upon an appellate court. (*Voeltz* v. *Bakery etc. Union,* 40 Cal.2d 382, 386 [254 P.2d 553]; *Hale* v. *Bohannon,* 38 Cal.2d 458, 465 [241 P.2d 4]; *Gordon* v. *Perkins,* 203 Cal. 183, 186 [263 P. 231].) In this proceeding to prohibit the enforcement of the trial court's order for inspection, the petitioner relies principally upon *City & County of San Francisco* v. *Superior Court, supra,* and *Holm* v. *Superior Court, supra.* The city and county of San Francisco case involved a medical report made for the plaintiff's attorney and there was no contention that such report was made for any other purpose, which clearly differentiates the decision from the situation here presented. In Holm, the allegations in the counteraffidavits that the documents sought to be inspected were prepared as confidential communications to the city attorney were uncontradicted, and the only assertion of nonprivilege was that the documents were prepared in the regular course of business. In the instant matter the problem of dual purpose was squarely presented to the trial court by the affidavits, as the plaintiffs' affidavit alleged, and it was uncontradicted by the petitioner's affidavits, that the written statements were prepared as reports of an accident pursuant to the petroleum safety order. Whereas the petitoner's counteraffidavits alleged that the statements were prepared for its attorney, the affidavits do not allege that the statements were prepared solely for that purpose.

■ That the right of inspection is remedial in character and should be liberally construed is well-established. "[I]n *Union Trust Co.* v. *Superior Court, supra,* 11 Cal.2d 449, this court stated at page 462 [81 P.2d 150, 118 A.L.R. 259] : 'That the trend of judicial decisions is to relax the rules which relate to the taking of evidence by ancillary proceedings of which the inspection of documents is one method. . . .' It further quoted from Corpus Juris, volume 18, page 116, to the effect that provisions such as section 1000 are 'remedial in their nature and should be liberally construed.' " (*Holm* v. *Superior Court, supra,* p. 506.) Plaintiffs' affidavit is uncontroverted that "certain work was being done by them [the decedents] at which time at approximately 2 :00 o'clock A. M., they

were overcome by fumes and killed. That at that hour the two surviving widows and the four minor children surviving, who are all parties to this action, were all at their respective homes asleep; while on the other hand, the Union Oil Company of California, a corporation, for whom the work was being done had approximately 40 workmen in the immediate vicinity where the accident happened, as well as independent witnesses." ■ We are in accord with the trial court's opinion that "[i]n a wrongful death action, such as this, there are more compelling reasons for granting discovery than in the ordinary personal injury action where the plaintiff is able to testify as to the circumstances surrounding the accident."

■ As to the discretion of the trial court to grant the motion, the rule is well established that "the trial court's action with respect to an inspection sought under section 1000 is discretionary within the field of reason and justice, that all intendments are in favor of the validity of the court's order, and that the order will not be interfered with unless a clear abuse of discretion is shown" (*Dowell* v. *Superior Court*, 47 Cal.2d 483, 491 [308 P.2d 1009]; see also *American Fed. of Musicians* v. *Superior Court*, 150 Cal.App.2d 165 [309 P.2d 874]; *Construction Products Corp.* v. *Superior Court*, 103 Cal.App.2d 403, 404 [229 P.2d 399]). ■ The order granting inspection of the signed witness statements was neither in excess of jurisdiction nor an abuse of discretion.

■ The remaining question is whether plaintiff's affidavit was sufficient to support the order of inspection of "[r]ecords of all inspections, orders, work orders, approvals and safety precautions issued or made prior to and immediately following the accident here in question." Of the seventeen classes of records for which plaintiff sought an order of inspection, the foregoing is a portion of one of seven classes included in the court's order. These records are described in the affidavit as "All records of . . . inspections, orders, work orders, approvals . . . safety precautions . . . made prior to and immediately after the accident here in question." Petitioner contends that the affidavit does not establish the admissibilty of such records at the trial nor does it describe the matters to be inspected with sufficient particularity. ■ "[T]he affidavit in support of the demand for inspection must identify the desired books, papers and documents and it must clearly show that they contain compe-

tent and admissible evidence which is material to the issues to be tried" (*McClatchy Newspapers* v. *Superior Court*, 26 Cal.2d 386, 396 [159 P.2d 944]). Plaintiffs' affidavit contains a general allegation that the records sought to be inspected are in the petitioner's possession and are admissible, but this is a mere legal conclusion on the issue of admissibility. Notwithstanding the trend towards a relaxation in the rules of discovery, "[t]he relaxation of the rule, however, does not mean an abolition of the requirements that the papers be identified and that they be shown to be relevant and material" (*McClatchy Newspapers* v. *Superior Court, supra*, p. 397). We are convinced from a careful consideration of plaintiffs' affidavit that it does not allege facts sufficient to establish either the admissibility or identity of the records referred to in the court's order. Plaintiffs, however, are not precluded from obtaining documentary evidence in the possession of the petitioner if it exists and is relevant, for by deposition they "may thereby secure the necessary information for use in making an affidavit which will disclose to the court the identity of the desired evidence and its materiality and relevancy to the issues presented in the [wrongful death] action" (*McClatchy Newspapers* v. *Superior Court, supra*, p. 398).

Let a peremptory writ of prohibition issue, enjoining the respondent court from enforcing that part of its order which directs an inspection of records of all inspections, orders, work orders, approvals and safety precautions issued or made prior to and immediately following the accident in question.

Moore, P. J., and Ashburn, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied July 24, 1957. Spence, J., was of the opinion that the application should be granted.