[Civ. No. 25159. Second Dist., Div. Three. Feb. 23, 1961.]

DOROTHY DeMAYO, a Minor, etc., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondent; WILLIAM E. HANNAM, Real Party in Interest.

Brock, Fleishman & Rykoff for Petitioner.

No appearance for Respondents.

Barbara Warner, Caryl Warner and Warner, Sutton & Warner for Real Party in Interest.

NOURSE, J. pro tem.*—Petitioner here is the plaintiff and moving party in a proceeding pending in the respondent court wherein petitioner seeks to have modified an order theretofore made by the respondent court, requiring the real party in interest here to pay a certain amount monthly for the minor petitioner's support, by increasing the amount of that payment. In preparing for the hearing in the proceeding in the respondent court, petitioner, pursuant to section 2016 of the Code of Civil Procedure, took the deposition of the real party in interest. Upon the taking of the deposition, the real party in interest refused to answer certain questions propounded to him. Petitioner then, pursuant to section 2034, subdivision (a), of the Code of Civil Procedure, sought an order compelling answers to the interrogatories in question. Upon the hearing of the motion for that order, the respondent court ordered the real party in interest to answer certain of the interrogatories, but declined to order him to answer the balance thereof. Petitioner then filed her petition here, and we issued an alternative writ of mandate requiring respondent court to vacate its order as to six of the interrogatories set forth in the petition, but denied said petition as to the balance of said interrogatories, it appearing to us that those interrogatories had no possible relevancy to the subject matter of the proceeding.

The issues before the respondent court in the proceeding, in relation to which the deposition was taken, were: the need of the minor petitioner for financial aid from the real party in interest beyond that which he was required to make by the existing order of the court, and the ability of the real party in interest to pay an additional amount.

The six interrogatories to which the alternative writ is addressed are as follows: "2. What was the partnership net income for the year 1959? 9. What was your net law income of your law partnership for the year 1959, the gross income? 11. Do you have any interest in any partnership accounts, if any? 14. What was the partnership's net income in 1957? 16. Is there a partnership agreement? 17. Are your rights in the partnership assets governed by any written agreement?"

Section 2016, subdivision (b), of the Code of Civil Procedure provides in part as follows: ". . . the deponent may be examined regarding any matter, not privileged, which is

*Assigned by Chairman of Judicial Council.

relevant to the subject matter involved in the pending action . . . It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence.''

▮ The real party in interest is an attorney at law, and a member of a partnership, engaged in the practice of that profession. In his deposition he had testified to the amounts received by him from the partnership and his actual income from other sources. However, it is evident that the interrogatories in question were directed to the discovery of whether he had other sources of income upon which he might realize income, and whether he was presently entitled to draw upon that source of income. The interrogatories were therefore pertinent as to the issue of the ability of the real party in interest to pay, and therefore not only relevant to the subject matter of the proceedings, but to the actual issues before the respondent court.

▮ While as a general rule the trial court has a broad discretion in permitting or denying discovery where discovery is sought as to a nonprivileged matter which is directly relevant to the issues before the court, there is no room for the exercise of discretion, for the party seeking to discover is entitled to it as a matter of right. ▮ Petitioner has been denied that right and as she has no remedy by appeal, she is entitled to enforce her right to discovery through mandate. (*Dowell* v. *Superior Court,* 47 Cal.2d 483, 486 [304 P.2d 1009].)

The alternative writ of mandate is discharged. Let a peremptory writ of mandate issue requiring respondent court to vacate its order denying petitioner's motion to require the real party in interest to answer interrogatories Numbers 2, 9, 11, 14, 16 and 17.

Vallée, Acting P. J., and Ford, J., concurred.

The petition of the real party in interest for a rehearing was denied March 15, 1961, and his petition for a hearing by the Supreme Court was denied April 19, 1961. Schauer, J., was of the opinion that the petition should be granted.