77 N.J. Super. 31 (1962)
185 A.2d 248
MARILYN J. KAPLAN, ET ALS., PLAINTIFFS,
v.
DOUGLAS E. JONES, ET ALS., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided October 29, 1962.
*32 Mr. Robert H. Simandl argued the motion for the plaintiffs (Messrs. Simandl and Leff, attorneys).
Mr. Nicholas Scalera argued the motion for the defendants (Mr. George D. McLaughlin, attorney).
MASUCCI, J.C.C. (temporarily assigned).
This is an automobile negligence action by Marilyn J. Kaplan against Douglas E. Jones and Clarence Jones. As a result of the accident, which occurred at an intersection in Point Pleasant, New Jersey, the plaintiff received a summons from the local police to appear in municipal court on a charge of careless driving. At the trial plaintiff's attorney hired, on his own volition, a court stenographer to take the testimony and make an informal transcript. The reporter was not sworn and the court was informed that the record was purely for plaintiff's benefit in anticipation of the civil action. The municipal magistrate agreed to the arrangement. The stenographer recorded testimony of two police officers and of the defendant driver.
*33 This motion by the defendants in the civil action is for discovery under R.R. 4:24-1 to inspect the stenographic record or, in the alternative, to take the deposition of the stenographer with respect to the transcript.
The plaintiff has refused any access to the record, and the basis of the refusal is grounded in the work-product privilege and the failure of the moving party to establish "good cause," as required by the aforesaid rule. Defendant did not submit an affidavit with the motion papers.
In support of the argument that the defendant has failed to establish good cause, plaintiff cites Toth v. Bigelow, 12 N.J. Super. 359 (Ch. Div. 1951). In that case, a quiet title action, the plaintiff moved for an order to permit inspection of certain maps and files, stating in the application that "Each of the foregoing documents constitutes or contains evidence relating to the matters and issues involved in this action as is more fully shown in the affidavit of Frank A. Toth annexed hereto." The affidavit was, however, merely conclusionary, that on the advice of counsel, plaintiff thought the files and maps were relevant to his case. The court denied the application, without prejudice, holding that the requirement of "good cause shown" means that the moving party must set forth the facts upon which he bases his contention, not merely the conclusion that the items desired are material to his case. It is for the court to pass on the question of materiality or relevancy. At page 362 the court said:
"There must also be present good cause. Conclusions of the plaintiff or counsel can scarcely be said to be good cause."
This case is cited with approval by Judge Freund in Eilen v. Tappin's Inc., 14 N.J. Super. 162 (App. Div. 1951). In that case the plaintiff sought inspection of the defendant corporation books in order to prove plaintiff's claim to additional compensation for the services. The court explained there what the moving party should establish *34 in the application for inspection of his adversary's papers:
"The notice of motion on the instant application for inspection merely listed the books and records subsequently specified in the order, and rested upon the conclusion that they constitute or contain evidence relevant to the subject matter of the action. In the affidavit in federal Form 24, the application is required to set forth all he knows which shows that each document is relevant to some issue in the action. It may be observed that the requirement is to state what he knows showing the relevancy of the material requested, not merely to state that it is relevant. There should be a showing by facts, as distinguished from mere opinions or conclusions. It is not essential that admissibility as evidence at the trial be established, but only a reasonable calculation that the inspection will lead to the discovery of admissible evidence. Generally speaking, a moving party must show that the documents sought to be inspected are necessary to, and will aid in, the preparation of his case; that they were relevant; and that denial of production would be prejudicial."
A clear statement of the law on this point is contained in the holding of Judge Stanton in L.N. Rosenbaum v. Holthausen, 9 N.J. Super. 484 (Ch. Div. 1950), to the effect that an application for discovery, devoid of any explanatory affidavit, is beyond the scope of the discovery rules, liberal as they may be.
It should be noted that in all the cases above cited the court dismissed the motion, but without prejudice, presumably to allow the moving party to submit clarifying affidavit.
Plaintiff's second point deals with the "work product" rule. She argues that the privilege extended in R.R. 4:16-2 protects such a transcript when it is prepared solely on one party's request and is unofficial in nature. The rule includes documents prepared in anticipation of litigation by five categories of persons  adverse party, his attorney, surety, indemnitor or agent. Presumably, plaintiff considers the stenographer an agent. Plaintiff cites a decision of the Supreme Court of Florida on similar facts, holding, under a similar rule, that such a transcript is within the work-product exclusion. Plaintiff also cites Crisafulli v. Public Service Coordinated Transport, 7 N.J. Super. 521 (Law Div. *35 1950). This case was a negligence action wherein plaintiff sought to compel production of a copy of a statement made by plaintiff to an agent of the defendant in anticipation of the litigation. Defendant objected on the ground that the statement was a portion of its work-product, protected by Rule 3:26-2 (now R.R. 4:16-2). The court denied the application, stating that under the work-product rule, discovery was only extended to this type of document where the adverse party showed that injustice or undue hardship might result from its nonproduction. The court refused to apply a different rule to statements made by a party witness than the rule applying to other witnesses.
Plaintiff further points out that the transcript contains statements by the defendant and two police officers. The defendant is aware of what he said at the trial and the two witnesses plaintiff says are amenable to process. There is, then, no hardship worked on this defendant by a refusal to grant the requested discovery.
In Hollander v. Smith & Smith, 10 N.J. Super. 82 (App. Div. 1950), also cited by plaintiff, the question of the work-product privilege was before Judge Bigelow. The plaintiff applied for an order permitting the inspection of statements made by the codefendant's employees of the defendant corporation to the defendant's insurance carrier. The court refused to grant the order, seemingly because the information sought could be obtained by plaintiff through depositions of her own and, therefore, it was unnecessary to disturb the defendant's work-product.
In conclusion, the plaintiff says that the transcript prepared at plaintiff's instigation and at her expense in anticipation of litigation is within the work-product privilege and that the defendant has not shown any undue hardship or injustice sufficient to overcome the privilege.
The controversy here centers around the effect of R.R. 4:16-2 on a transcript proposed by one party at his expense in a municipal traffic action when an adverse party in a subsequent negligence action arising out of the same accident *36 seeks to obtain a copy of the transcript or, in the alternative, to take the deposition of the stenographer with respect to the contents.
It is clear that the transcript, if official, would be available to either party on payment of the prescribed fee. R.R. 8:7-5. It is also evident that the provisions of R.R. 4:16-2, dealing with documents prepared in anticipation of litigation, denies access to an adverse party in the absence of undue hardship or injustice. The rule applies to "any writing" prepared by a party. Despite the increased liberality of discovery proceedings under our revised rules, it would be difficult to deny that an unofficial stenographic transcript was not within the "any writing" scope. Would not the transcript stand on the same footing as notes taken by the plaintiff's attorney or by his own secretary at the traffic court trial? Is the plaintiff to be penalized because her attorney chose a more efficient method of recording his impressions of the testimony, rather than relying on his memory?
As the court said in the Crisafulli case, supra, when the plaintiff sought copies of statements made by coplaintiff to an agent of defendant:
"All that is claimed is that such statement may perchance be contradictory of the case plaintiff is now preparing to prove. If her claim is honest, she need have no fear. If otherwise, her fears should be permitted to continue, in order that truth may prevail."
Here, too, the only hardship that defendant may undergo is that his testimony at the traffic court trial may not square with what he wishes to say now. This is not a sufficiently worthy reason to overcome the privilege.
It must be noted, however, that the defendant here will have access to the transcript in question if the plaintiff should call as witnesses, the persons whose testimony is included in the transcript and reference is made to the transcript in the course of examination or the same is used to refresh the witnesses' recollections.
The motion is denied.