77 N.J. Super. 443 (1962)
186 A.2d 713
CHARLES A. STEPHAN AND MARGARET STEPHAN, HIS WIFE, PLAINTIFFS,
v.
FRANK LA CORTE AND URSULA LA CORTE, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided December 14, 1962.
*444 Mr. Alfred A. Franciscus for the plaintiffs.
Mr. John J. O'Donnell for the defendants (Messrs. Egan, O'Donnell, Hanley & Clifford, attorneys).
G.H. BROWN, J.C.C. (temporarily assigned).
In their automobile collision negligence action the plaintiffs have moved for an order to allow inspection of a written statement given by one of the defendants to the latter's insurance carrier. It is undisputed that the statement was used by this party for the purpose of refreshing recollection as to the accident facts in preparation for his oral deposition taken by the plaintiffs. When use of the statement in this fashion was disclosed during the course of examination, the plaintiffs' attorney demanded that it be produced. Production was refused. The pending motion resulted.
*445 The immediate obstacle in the plaintiffs' way is R.R. 4:16-2. It bars discovery access to
"* * * any writing obtained * * * by [an] indemnitor [of the adverse party] in anticipation of litigation and in preparation for trial * * *."
The protection thus afforded constitutes a considerable extension of the attorney work-product privilege enunciated in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). The shield of immunity has been enlarged to protect the very statement which the plaintiffs seek to reach. The work product of an insurer now lies outside the ambit of discovery in the absence of special circumstances justifying judicial exception.
The plaintiffs contend that the court, nevertheless, may require the production of such material upon a showing of good cause under R.R. 4:24-1. That rule may be invoked only as to papers in the "possession, custody or control" of a "party." The plaintiffs have not undertaken to show, or even to assert, that the written statement was under the control of the defendant at the time of the taking of the deposition or thereafter. No New Jersey court has passed upon the significance of this factor in the context of a party's status as an insured defendant. See Hollander v. Smith & Smith, 10 N.J. Super. 82 (App. Div. 1950), certification denied 6 N.J. 399 (1951). The area was explored in Poppino v. Jones Store Co., 1 F.R.D. 215 (D. Mo. 1940). The court said that investigation documents in the possession of an attorney representing the defendant's insurance carrier were not in the possession, custody or control of the defendant within the intendment of the nearly identical federal civil rule (Rule 34), 28 U.S.C.A. following sec. 723(c). In any event, without some showing that the present defendant or an attorney acting only on his behalf had the power to produce the statement, the plaintiffs cannot activate relief through the channel of R.R. 4:24-1.
*446 In the last analysis, it is the plaintiffs' argument that production of the document is required in order to implement a principle of justice intrenched in the law by recent decisions of the New Jersey Supreme Court. It is urged that recognition of the principle justifies an exception to R.R. 4:16-2 in order to avoid "injustice or undue hardship." The reference is to the rule of evidence evolved from State v. Mucci, 25 N.J. 423 (1957). It was the holding there that where a witness has testified on the trial of the State's case from recollection refreshed by an out-of-court review of his grand jury testimony, the defense has the right to inspect the earlier testimony for purposes of cross-examination. The plaintiffs submit that the rationale for the holding should make its benefits equally available in civil actions and as to any sort of recorded knowledge.
With this general principle established, the plaintiffs take steps of deductive reasoning: The truth of direct trial testimony, based upon refreshed recollection, can be tested by the cross-examination use of material through which memory was recalled; deposition testimony may be used in the trial; therefore the deposition testimony of an adverse witness should be subjected to the same test for truth where recollection has been refreshed.
The Supreme Court in State v. Hunt, 25 N.J. 514 (1958), stretched the "wholesome principle" of broad disclosure to cover a new testimonial category in criminal prosecutions. It approved, "for the administration of justice in our state," the proposition that the defense is entitled to inspect and use on cross-examination the prior notes or statements of a State's witness relating to the subject matter of his direct testimony. Omitted was the requirement that the material had previously been used to refresh recollection. Indeed, the court said in its opinion that the notes of the witness should be available because
"* * * even if they had never been used to refresh his recollection they would have been highly relevant to his cross-examination." (at p. 530).
*447 When the plaintiffs construct their argument on the Mucci doctrine they must accommodate the argument to the extension of the doctrine by Hunt. Where refreshment of recollection provides the right to inspection under Mucci, the mere existence of a statement entitles the adversary to inspection under Hunt. If there is no distinction between the inspection necessity in criminal and civil actions, as the plaintiffs contend, then in every civil deposition, and as a matter of right, a prior statement of the deponent must be produced on his deposition whether he has referred to it or not. This court cannot initiate such a sweeping change in discovery concepts.
The plaintiffs cite Schwartz v. Broadcast Music, 16 F.R.D. 31 (S.D.N.Y. 1954), as authority for granting the relief demanded here. That court ordered production in a similar fact situation. But there is no federal rule comparable to R.R. 4:16-2. The court in Schwartz did not have to condition its viewpoint in accordance with such a work-product protection as our rule expressly affords.
R.R. 4:16-2 bars inspection in the present case and no overriding "injustice or undue hardship" has been demonstrated.
The plaintiffs' motion is therefore denied.