98 N.J. Super. 463 (1968)
237 A.2d 646
EMPIRE MUTUAL INSURANCE COMPANY, A CORPORATION OF THE STATE OF NEW YORK, AUTHORIZED TO TRANSACT BUSINESS IN NEW JERSEY, PLAINTIFF,
v.
BAR-MAR TRUCKING CO., INC., A CORPORATION OF THE STATE OF NEW JERSEY, ET AL, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 8, 1968.
*464 Mr. Andrew T. Berry for plaintiff (Messrs. McCarter & English, attorneys).
Mr. James P. Dugan for defendant Bar-Mar Trucking Co., Inc.
STAMLER (JOSEPH H.) J.S.C.
Defendant Bar-Mar Trucking Co. has moved for an order directing plaintiff Empire Mutual Insurance Company to supply a copy of the statements taken by it from Anthony F. Gallagher, president of Bar-Mar, and Joseph Titanski, a former Bar-Mar employee. Gallagher's affidavit in support of the motion stands uncontroverted. It avers that he gave a statement to an investigating agent of Empire Mutual subsequent to the date of the accident but before the institution of the action. It is admitted that Bar-Mar was insured by Empire Mutual and that the investigating agent was concerned about a claim to be made against Bar-Mar by others. It stands undisputed that Gallagher believed the agent's representation that the statement was taken to be used by Empire Mutual in defending the claim that would be made against its assured, Bar-Mar. Similarly, Bar-Mar produced its then employee, Joseph Titanski, who also gave a statement to the investigating agent.
Empire Mutual takes the position that Gallagher and Titanski seek these statements only for the purpose of preparing for depositions it desires to take of them and that their only concern is that they make no inconsistent statements at the time of the taking of the depositions. Additionally, plaintiff says that the statements are work products and not available under R.R. 4:16-2. It relies upon the following New Jersey cases: Stephan v. LaCorte, 77 N.J. Super. 443 (Law Div. 1962); Kaplan v. Jones, 77 N.J. Super. 31 (Law Div. 1962); Hollander v. Smith & Smith, 10 N.J. Super. 82 (App. Div. 1950), certification denied 6 N.J. 399 (1951); Crisafulli v. Public Service Coord. Transport, 7 N.J. Super. 521 (Cty. Ct. 1950).
*465 These cases are readily distinguishable. In Stephan the court held that it was a work product not within the ambit of discovery where plaintiff sought a statement given by one of the defendants to defendants' insurance carrier. Kaplan was confined to refusal of discovery of a stenographic transcript prepared by plaintiff at his own expense. In Hollander the court refused to require statements by employees of defendant employer to be supplied to plaintiff who sought to recover from defendants. Crisafulli dealt with a statement a plaintiff gave to an agent of defendant. In none of the foregoing cases do we find the same situation as here  a statement given by an assured to its own carrier to assist the carrier in defending under the terms of the policy.
Plaintiff, in resisting this motion also relies on Safeway Stores, Inc. v. Reynolds, 85 U.S. App. D.C. 194, 176 F.2d 476 (D.C. Cir. 1949). Although that case might at first blush seem to be direct authority on the problem presented to the court, there was no relationship between the giver of the statement and the recipient such as there is in the case at bar, insured to insurer.
Professor Moore is critical of Safeway Stores and reviews the conflicting cases in 4 Moore's Federal Practice, § 26.23, p. 1445 (1966). In his opinion Hayman v. Pullman Co., 8 F.R.D. 238 (N.D. Ohio 1948), where the court required defendant to furnish plaintiff with a copy of her own statement, is correct and entirely sensible. The court ruled that preservation of the element of surprise  plaintiff's position here  was not a tenable reason for refusing to furnish the statement. The ultimate aim of the trial is the search for truth.
We find that the statements here in question do not qualify as work product and that plaintiff will in no way be prejudiced by disclosing all the evidence it possesses pertaining to the instant action. It is directed to furnish defendant Bar-Mar with copies of the Gallagher and Titanski statements within ten days from the date of this opinion. Counsel for Bar-Mar is directed to submit a conformable order.